NO. 07-05-0015-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 8, 2005
_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

JESSIE McGLOCKLIN ARBELO,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,547; HON. TOM NEELY, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Through a restricted appeal, the Texas Department of Public Safety (DPS) asks that we reverse an Order of Expunction signed on July 22, 2004. The subject of the order is Jessie McGlocklin Arbelo (Arbelo). The record discloses that 1) Arbelo petitioned for expunction of all her criminal records and files on July 15, 2004, 2) a copy of the petition was sent to the DPS by certified mail, return receipt requested, and 3) the DPS received the petition on July 22, 2004, or the day the court signed the expunction order. According to the DPS, the order should be reversed because it was executed in violation of pertinent

statute, *i.e.* that the trial court failed to hold the hearing and inform the DPS of the hearing date within the parameters established by statute. We agree and reverse the order.

To be entitled to relief, one prosecuting a restricted appeal must illustrate that 1) his notice of appeal was filed within six months of the date the judgment was signed, 2) he was a party to the suit, 3) he did not participate in the hearing that resulted in the judgment or order or timely file any post-judgment motions or requests for findings of fact and conclusions of law, and 4) error appears on the face of the record. *Starks v. Texas Dept. Crim. Justice*, 153 S.W.3d 621, 625 (Tex. App.–Amarillo 2004, no pet.). The record before us discloses that the DPS filed its notice of appeal on January 13, 2005, or within six months of the date that the trial court signed the order in question. Furthermore, Arbelo listed, in her petition, the DPS as an entity potentially having records she sought to expunge. This circumstance permits one to reasonably deem the DPS as a party to the action. And, that the governmental agency did not receive the petition until the very day that the trial court acted upon it hardly indicates that the agency participated in any hearing from which the order arose. Indeed, the DPS averred in their notice of appeal that it neither participated in any such hearing nor moved for post-judgment relief or findings of fact and conclusions of law. Moreover, the record does not belie this representation.

Next, authority holds that the failure of the trial court to abide by various provisions of the statute regulating the expunction of criminal records mandates reversal. The provisions contemplated by that authority include those relating to the time within which any hearing on the petition may be held and the prior notice of the hearing date to which the parties are entitled. *See e.g., Texas Dept. Pub. Safety v. Prather*, No. 04-03–00612-CV, 2004 Tex. App. LEXIS 4253 (Tex. App.–San Antonio May 12, 2004, no pet.) (reversing the

2

expunction order since the trial court did not abide by the statutory requirements pertaining to time and notice); *Texas Dept. Pub. Safety v. Deck*, 954 S.W.2d 108, 112-13 (Tex. App.–San Antonio 1997, no pet.) (reversing the order because the DPS failed to receive notice of the new hearing date). Moreover, statute specifies that a hearing on the petition cannot be held any "sooner than thirty days from the filing of the petition . . . ." TEX. CODE CRIM. ANN. art. 55.02, §2(c) (Vernon Supp. 2005). So too does it require the trial court to "give reasonable notice of the hearing to each official or agency or other entity named in the petition by certified mail . . . ." *Id.* When we compare these two statutory duties to the facts appearing on the face of the record, we cannot but hold that they were breached.

First, the hearing at bar was premature for it was held long before expiration of the 30-day period prescribed by art. 55.02, §2(c). Second, the DPS was denied reasonable notice of the hearing for it did not even receive service of the petition until the very day the trial court acted upon it. Serving the DPS with the petition sometime during the day of July 22nd does not illustrate reasonable prior notice of the court's intent to act on the petition that very day.

In sum, the DPS satisfied each element for obtaining relief via a restricted appeal. Thus, we reverse the Order of Expunction and remand the cause for further proceedings.


                                         Brian Quinn
                                         Chief Justice