NUMBER 13-07-205-CV





COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


DEREK FREDRICKS, Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides



 Appellant, the Texas Department of Public Safety (DPS), brings this restricted
appeal (1) from the trial court's order expunging the arrest of appellee, Derek Fredricks,
from all public records. By a single issue, DPS contends that the trial court's
expunction order was not supported by legally sufficient evidence. We reverse and
render.

I. Background

 Fredricks filed an ex parte petition to expunge public records of his arrest for
credit card abuse. See Tex. Penal Code Ann. § 32.31 (Vernon Supp. 2006). Fredricks
identified several entities that may be in possession of records or files pertaining to his
arrest. See Tex. Code Crim. Proc. Ann. art. 55.02 § 2(a), (b)(8) (Vernon 2006)
(allowing ex parte petition for expunction; requiring petitioner to name agencies
affected). Fredricks identified, for example, the Brownsville Police Department, the
Cameron County District Attorney, and the Federal Bureau of Investigation. Fredricks
did not, however, list DPS as an affected entity. 

 The trial court set a hearing on Fredricks's petition for October 5, 2006. 
Pursuant to article 55.02 of the Texas Code of Criminal Procedure, the trial court sent
notice of the petition and the hearing date to all the parties listed in the petition. See id.
art. 55.02 § 2(c). 

 The Cameron County District Attorney filed a general denial and a "further
answer" that Fredricks was not entitled to expunction because he served two years'
probation for his offense. The record does not reflect that DPS received notice of the
hearing, and DPS was not present at the hearing.

 On October 5, 2006, the trial court held a hearing on the petition. Fredricks's
counsel recited background facts for the trial court's benefit, specifically stating that
Fredricks received deferred adjudication for the offense of credit card abuse: "Back in
1991, Your Honor, during Spring Break, he was involved in an incident and was
charged with credit card abuse, received deferred adjudication back in February the
5th, 1991, two years probation." Fredricks did not testify at the hearing. 

 A Cameron County assistant district attorney appeared on behalf of the State,
arguing that because Fredricks pleaded guilty and received deferred adjudication, he
was not entitled to expunction. Fredricks countered that the court had some leeway
under the code of criminal procedure to disregard that fact. The trial court agreed, and
on October 5, 2006, it ordered all of Fredricks's records pertaining to the arrest
expunged. 

 The order contained a list of the agencies that Fredricks had provided in his
petition. Although the petition did not name DPS, the trial court's order required the
clerk to send a copy of the order to DPS's Crime Records Service, as required by the
Texas Code of Criminal Procedure. See id. art. 55.02 § 3(c). Specifically, the order
stated:

 The clerk of this court is ORDERED to send a certified copy of this
Order by hand delivery or certified mail, return receipt requested, to the
Crime Records Service of the Texas Department of Public Safety and to
each other agency, jail or other detention facility, magistrate, court,
prosecuting attorney, correctional facility, central state depository of
criminal records, official entity, or political subdivision named hereinabove. 


 It then ordered DPS to take specific action to notify federal agencies of the order
and explain the order:

 The Texas Department of Public Safety is ORDERED to notify any
central federal depository of criminal records by any reasonable means of
this Order, with an explanation of the effect of the Order and a request
that the records in possession of the depository, including any information
with respect to the Order, be destroyed or returned to the Court.

Finally, the trial court ordered expunction:

 It is further ORDERED, that, upon receipt of this Order, each
agency, jail or other detention facility, magistrate, court, prosecuting
attorney, correctional facility, central state depository or criminal records,
official entity, or political subdivision named hereinabove shall: (1) return
to this Court all records and files that are subject to this Order, or, if
removal is impracticable, obliterate all portions of the record or file that
identify Derek Fredricks [sic] and notify this Court of any such action; and
(2) delete from public records all index references to the records and files
that are subject to this Order.


 The record is not clear as to whether or when the order was sent to DPS. DPS
did not file a motion for new trial or other post-judgment motion. Nevertheless, on April
3, 2007, DPS filed a notice of restricted appeal. The notice of appeal states that DPS is
a party affected by the expunction order.

 Following DPS's notice of appeal, the clerk's record contains court records
related to Fredricks's arrest for credit card abuse. In particular, the record contains the
trial court's order dated February 5, 1991 deferring adjudication and ordering two years
of community supervision. 

II. Restricted Appeal Requirements

 DPS filed a restricted appeal. Tex. R. App. P. 26.1(c) (notice of restricted appeal
may be filed within six months after judgment or order is signed); Tex. R. App. P. 30. To
attack an order by restricted appeal, the appellant must show (1) it was a party who did
not participate in the hearing that resulted in the judgment complained of, (2) it filed a
notice of appeal within six months after the order was signed, (3) it did not timely file a
postjudgment motion or request findings of fact and conclusions of law, and (4) error is
apparent on the face of the record. Tex. R. App. P. 26.1(c); Tex. R. App. P. 30; Bazan
v. Canales, 200 S.W.3d 844, 846-47 (Tex. App.-Corpus Christi 2006, no pet.); see also
State Bd. of Educator Certification v. Gonzalez, No. 13-02-00463-CV, 2003 Tex. App.
LEXIS 7223, at *4 (Tex. App.-Corpus Christi Aug. 25, 2003, no pet.). 

 With regard to the first requirement, DPS is a state agency that may have
records pertaining to arrests, as is made apparent by the statutory requirement that
DPS be notified of a final order expunging records. Tex. Code Crim. Proc. art. 55.02 §
3(c); see Tex. Dep't Pub. Safety v. Moore, 51 S.W.3d 355, 357 (Tex. App.-Tyler 2001,
no pet.). Fredricks, however, did not list DPS as an affected party in the petition, nor
did he serve DPS with a copy of his petition. Thus the question arises, is DPS a party
with standing to bring this appeal? We answer this question affirmatively. 

 Appeals are usually limited to parties of record in the trial court below. City of
San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 754 (Tex. 2003). The
doctrine of virtual representation, however, is an exception to this rule. Id. at 755. "An
appellant is a deemed party under virtual representation when '(1) it is bound by the
judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there
is an identity of interest between the appellant and a party to the judgment.'" Id.
(quoting Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto Dealers
Ass'n, 1 S.W.3d 108, 110 (Tex. 1999)). In City of San Benito, the Texas Supreme
Court recognized that, of these three requirements, the most important factor to
consider is whether the appealing party is bound by the judgment. Id. 

 In Motor Vehicle Board of the Texas Department of Transportation v. El Paso
Independent Auto Dealers Ass'n, the Texas Supreme Court considered whether the
attorney general was virtually represented in the trial court proceedings, wherein the El
Paso Independent Auto Dealers Association challenged the constitutionality of the Blue
Law. Motor Vehicle Bd. of the Tex. Dep't of Transp., 1 S.W.3d at 109-110. The
association sued local officials claiming that the law was unconstitutional, but it did not
name the Motor Vehicle Board or the attorney general as defendants. Id. at 110. The
attorney general was notified of the suit pursuant to Texas Civil Practice and Remedies
Code § 37.006(b), but he declined to participate. Id. 

 The local officials, after researching the claims, decided that the Blue Law was
unconstitutional and settled the association's claims. Id. The trial court entered an
agreed judgment that declared the statute unconstitutional and enjoined its
enforcement. Id. The Motor Vehicle Board and the attorney general attempted to
intervene after the judgment, but the trial court refused to permit intervention. Id.  The
attorney general and the Motor Vehicle Board appealed. Id. 

 The Texas Supreme Court held that the doctrine of virtual representation
applied, and therefore, the attorney general and the Motor Vehicle Board had standing
to appeal. Id.; see also In re Lumberman's Mutual Casualty Co., 184 S.W.3d 718, 724-25 (Tex. 2006) (orig. proceeding) (explaining holding in Motor Vehicle Bd. of Tex. Dep't
of Transp. v. El Paso Indep. Auto Dealers Ass'n). Finding the facts of this case to be
very similar, we likewise hold that DPS was virtually represented below. 

 First, DPS is bound by the judgment. See City of San Benito, 109 S.W.3d at
775-56 (holding unnamed class members were bound by class settlement and could
appeal regardless of whether they intervened below). As stated above, DPS was
notified of and included in the order of expunction pursuant to the Texas Code of
Criminal Procedure, and it was required under the judgment to contact federal law
enforcement agencies and also to return its records to the trial court or destroy them,
even though Fredricks failed to name DPS in his petition. (2) For the same reason, DPS's
interest appears of record, given that it is ordered to perform under the judgment. 

 Finally, DPS has a unity of interest with the law enforcement agencies named in
the petition. The Texas Supreme Court has recognized that in the context of these
unique proceedings, law enforcement agencies as well as the public have an interest in
maintaining uniform records and in deterring recidivism. See Ex parte Elliott, 815
S.W.2d 251, 252 (Tex. 1991) (per curiam). Accordingly, we find that DPS is a party
with standing for purposes of this restricted appeal. (3) 

 Also with regard to the first requirement for a restricted appeal, DPS did not
appear at the hearing on the petition. The record shows, therefore, that DPS was a
party who did not participate in the hearing giving rise to the expunction order. Moore,
51 S.W.3d at 357; Tex. Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 111 (Tex.
App.-San Antonio 1997, no writ); see also Tex. Dep't of Pub. Safety v. Olivares, No.
13-06-035-CV, 2007 Tex. App. LEXIS 5904, at *6-10 (Tex. App.-Corpus Christi July 26,
2007, no pet. h) (mem. op.). 

 With regard to the second and third requirements, the record further reflects that
DPS filed a notice of restricted appeal within six months of the expunction order, and it
did not file any post-judgment motions. Accordingly, DPS satisfied the first three
requirements for a restricted appeal. Tex. R. App. P. 26.1(c); Tex. R. App. P. 30. We
now turn to the alleged error.

III. Sufficiency of the Evidence

 By its sole issue, DPS contends that the trial court erred in granting Fredricks's
petition for expunction because Fredricks presented no evidence to satisfy the statutory
requirements for expunction. We agree.

A. Standard of Review

 In restricted appeals, we are limited to considering only errors that are apparent
on the face of the record. Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997) (per curiam); Gonzalez, 2003 Tex. App. LEXIS 7223, at *5. The "face
of the record" includes all papers on file in the appeal and the reporter's record, if any. 
Norman Commc'ns, 955 S.W.2d at 270; Gonzalez, 2003 Tex. App. LEXIS 7223, at *5. 
A restricted appeal affords the appellant the same scope of review as an ordinary
appeal-in other words, the entire case. Norman Commc'ns, 955 S.W.2d at 270;
Gonzalez, 2003 Tex. App. LEXIS 7223, at *5. DPS has challenged the legal sufficiency
of the evidence supporting the expunction order, which we may review in a restricted
appeal. Norman Commc'ns, 955 S.W.2d at 270. 

 In conducting a legal sufficiency review, we "view the evidence in the light
favorable to the verdict, crediting favorable evidence if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not." City of Keller v.
Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005). We will sustain a no-evidence
challenge when the record shows that (1) there is a complete absence of a vital fact, (2)
the court is barred from considering the only evidence offered to prove a vital fact, (3)
the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact. Id. at 810 (citing Robert W. Calvert,
"No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63
(1960)); Tex. Dep't of Pub. Safety v. Williams, 76 S.W.3d 647, 649 (Tex. App.-Corpus
Christi 2002, no pet.).

B. Expunction Requirements

 "The expunction statute was created to allow persons wrongfully charged to
expunge their arrest records." Williams, 76 S.W.3d at 650 (citing Tex. Dep't of Pub.
Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.-Corpus Christi 1997, no writ); State v.
Knight, 813 S.W.2d 210, 212 (Tex. App.-Houston [14th Dist.] 1991, no writ)). The
petitioner has the burden of proving that all statutory requirements have been satisfied
in order to be entitled to expunction. Williams, 76 S.W.3d at 650 (citing Butler, 941
S.W.2d at 321; Ex parte Scott, 818 S.W.2d 226, 227 (Tex. App.-Corpus Christi 1991,
no writ)). The trial court must strictly comply with the statutory procedures for
expunction, and it commits reversible error when it fails to comply. Ex parte Stiles, 958
S.W.2d 414, 418 (Tex. App.-Waco 1997, pet. denied). Courts have no equitable power
to extend the expunction statute. Williams, 76 S.W.3d at 650.

 The code of criminal procedure allows for expunction under certain, specific
circumstances. Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 2006). When a
petitioner, such as Fredricks, has not been (1) acquitted of the offense to be expunged
or (2) convicted and subsequently pardoned, that petitioner must demonstrate that the
following conditions have been satisfied in order to expunge the arrest record:

(A) an indictment or information charging the person with commission
of a felony has not been presented against the person for an
offense arising out of the transaction for which the person was
arrested or, if an indictment or information charging the person with
commission of a felony was presented, the indictment or
information has been dismissed or quashed, and:


(i) the limitations period expired before the date on which the
petition for expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was
dismissed or quashed because the presentment had been
made because of mistake, false information, or other similar
reason indicating absence of probable cause at the time of
the dismissal to believe the person committed the offense or
because it was void; 

 

(B) the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there
was no court ordered community supervision under Article 42.12
for any offense other than a Class C misdemeanor; and


(C) the person has not been convicted of a felony in the five years
preceding the date of the arrest. 


Id. art. 55.01(a)(2). Under this provision, a petitioner must demonstrate that he or she
did not receive court ordered community supervision under Texas Code of Criminal
Procedure article 42.12, which includes deferred adjudication community supervision. 
Id.; Tex. Dep't of Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.-Corpus Christi
1997, no writ); see Tex. Code Crim. Proc. Ann. art. 42.12.

C. Analysis

 DPS contends that the trial court erred in granting Fredricks's petition for
expunction because he presented no evidence to satisfy the statutory requirements for
expunction-in particular, there is no evidence in the record demonstrating that Fredricks
did not receive community supervision. We agree. 

 It is well settled that the petitioner has the burden of proving that all statutory
requirements have been satisfied in order to be entitled to expunction. Williams, 76
S.W.3d at 650-51. Fredricks did not testify at the hearing. However, his attorney
expressly represented to the trial court that Fredricks received deferred adjudication
community supervision. "[F]ormal declarations in open court by a party's attorney that
are clear, deliberate, and unequivocal" may constitute judicial admissions binding on
the party. Medina v. Hart, No. 13-04-436-CV, 2007 Tex. App. LEXIS 5353, at *19 (Tex.
App.-Corpus Christi July 5, 2007, no pet. h.). We believe that Fredricks's attorney's
representations to the court constituted judicial admission precluding an expunction
order. Id.; see also Tex. Dep't of Pub. Safety v. Lopez, No. 13-05-619-CV, 2007 Tex.
App. LEXIS 5341, at *4 (Tex. App.-Corpus Christi July 5, 2007, no pet. h.) (holding that
judicial admission conclusively established that petitioner served probation). Moreover,
the clerk's record contains documents pertaining to the original arrest-to which
Fredricks never objected nor complained could not be considered in this
appeal-including the trial court's order deferring adjudication and placing Fredricks on
probation as a result of his guilty plea to the charge of credit card abuse. 

 Under these circumstances, we believe that the evidence conclusively
establishes that Fredricks received deferred adjudication community supervision for his
offense, and as a result, there is no evidence to support the expunction. Tex. Code
Crim. Proc. Ann. art. 55.01(a)(2); see City of Keller, 168 S.W.3d at 810; see also
Lopez, 2007 Tex. App. LEXIS 5341, at *4. The error is apparent on the face of the
record; therefore we sustain DPS's issue. See Tex. Dep't of Pub. Safety v. Six, 25
S.W.3d 368, 370 (Tex. App.-Fort Worth 2000, no pet.); see also Tex. Dep't of Pub.
Safety v. Shipp, No. 05-05-01421-CV, 2006 Tex. App. LEXIS 2361, at *4-7 (Tex.
App.-Dallas Mar. 29, 2006, no pet.) (mem. op.).

III. Conclusion

 Accordingly, we reverse the trial court's order and render judgment denying the
expunction. Pursuant to DPS's prayer for relief, we order any documents surrendered
to the trial court or to Fredricks returned to the submitting agencies. See Ex parte
Elliott, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the
order of expunction applies to all respondents, even if they did not participate in the
appeal). 

 ___________________________ 

 GINA M. BENAVIDES,

 Justice



Opinion delivered and filed this

the 23rd day of August, 2007.

1. Tex. R. App. P. 30.
2. We further note that the code of criminal procedure provides for an ex parte petition, creating a
unique procedure that does not lend itself to normal rules of pleading and service of citation, as would
normally be required to make someone a "party." Tex. Code Crim. Proc. Ann. art. 55.02 § 2(a), (b)(8), (c). 
3. The Fort Worth Court of Appeals refused standing to the City of Fort Worth in an appeal from an
order expunging records. City of Fort Worth v. Tuckness, 165 S.W.3d 425, 426 (Tex. App-Fort Worth 2005,
no pet.) ("Because Fort Worth was not a party to the expunction proceedings, is not bound by the expunction
order's mandate to destroy records or to return them, and will not suffer, by virtue of the expunction order, any
peculiar injury not suffered by the public generally, we hold that Fort Worth lacked standing to challenge the
order of expunction."). We find this case distinguishable. The court of appeals found the fact that the City
was not an entity of the State or a law enforcement agency dispositive in that case because it meant that the
City was not bound by the expunction order. Id. at 428-29. DPS is clearly a state agency-one that is typically
named in petitions for expunction. As we stated earlier, the order required DPS to take action. Accordingly,
we decline to follow Tuckness.