

# NUMBER 13-07-00552-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **RAUL GUERRA MORALES,** | **Appellee.** |

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Rodriguez

In this restricted appeal, appellant, Texas Department of Public Safety (DPS), asks this Court to reverse the trial court's order granting a petition for the expunction of records filed by appellee, Raul Guerra Morales. By one issue, the DPS contends Morales is not entitled to an expunction of records. We reverse and render.

## I. Background[1]

Morales was arrested for aggravated assault and pleaded guilty to the class A misdemeanor charge of assault. Morales petitioned the trial court to expunge the record of his arrest. In his petition, Morales stated that the trial court sentenced him "to twelve months probated for twelve months," that he complied with all the conditions of probation, and that he was discharged from probation. The Cameron County Criminal District Attorney and DPS each filed separate answers to Morales's petition, complaining that Morales was not entitled to expunction of his arrest record because he served probation in the case. At the expunction hearing, Morales testified that he pleaded guilty to a class A misdemeanor and served probation as a consequence of that arrest. He further testified that he had met all the requirements of his probation. As evidence that Morales served probation, the District Attorney offered State's Exhibit 1, a printout from the District Attorney's office showing that Morales pleaded guilty to assault and was sentenced to twelve months in jail, which was probated. After taking the matter under advisement, the trial court granted Morales's petition.

## II. Restricted Appeal

To attack a trial court's judgment by restricted appeal, the DPS must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed, (2) appellant was a party to the suit who did not participate in the hearing that resulted in the judgment or order, (3) appellant did not timely file a post-judgment motion,

---

[1] The statement of facts set out in appellant's brief are to be accepted as true if supported by the record unless contradicted by another party. TEX. R. APP. P. 38.1(f). In this case, Morales did not file a brief. We will therefore accept as true the fact statement filed by Texas Department of Public Safety (DPS), if supported by record references.

or request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a), and (4) the complained-of error is apparent from the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi, 2007, no pet.); *see* TEX. R. APP. P. 26.1(c).

DPS filed its notice of appeal within six months of the date that the trial court signed the order.[2] DPS is a proper party to this suit because DPS was notified of the hearing, DPS filed an answer, and Morales listed DPS as an entity potentially having records that he sought expunged. *See Tex. Dep't of Pub. Safety v. Arbelo*, 170 S.W.3d 734, 735 (Tex. App.–Amarillo 2005, no pet.) (providing that listing the entity as potentially having records sought expunged "permits one to reasonably deem the DPS as a party to the action"). DPS did not participate in the hearing expunging Morales's record.[3] In its notice of restricted appeal, DPS states that it did not file any post-judgment motions, request findings of fact and conclusions of law, or file a notice of appeal, and the record does not show otherwise. Finally, as addressed below, the complained-of error is apparent from the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam) (setting out that the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal). Therefore, DPS satisfied each element for obtaining relief through this restricted appeal.

---

[2] The trial court signed the order on March 12, 2007, and DPS filed its notice of appeal on September 7, 2007.

[3] Although DPS filed an answer to Morales's petition for expunction of records, filing an answer is not participation for purposes of a restricted appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).

3

III. Expunction of Records

By one issue, DPS contends that the trial court abused its discretion by entering an order expunging Morales's arrest. DPS argues that Morales was not entitled to relief under article 55.01(2)(B) of the Texas Code of Criminal Procedure because he was placed on probation as a result of an arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006). We agree.

A. Standard of Review and Applicable Law

A trial court's ruling on an expunction is reviewed under an abuse of discretion standard. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). A trial court abuses its discretion when it acts without reference to guiding rules and principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

To be entitled to an expunction, the petitioner, Morales in this case, has the burden of proving that all the statutory requirements have been satisfied. "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Fredricks*, 235 S.W.3d at 281. The applicable rules a trial court applies in determining a person's right to expunction are set out in article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006). Article 55.01 sets out that a person is entitled to expunction of an arrest record if

> (1) the person is tried for the offense for which the person was arrested and is:
>
> > (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or
>
> > (B) convicted and subsequently pardoned; or

4

(2) each of the following conditions exist:

. . . .

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor . . . .

*Id.*

## B. Analysis

Morales was neither acquitted by the trial court, nor convicted and subsequently pardoned. Therefore, Morales had the burden to show that each of the conditions listed under article 55.01(2) existed, including, in pertinent part, that there was no court ordered community supervision. *See id.* art. 55.01(2)(B). At the expunction hearing, Morales did not prove that there was no court-ordered community supervision. In fact, Morales testified that after pleading guilty to a class A misdemeanor charge of assault, the court ordered probation. This testimony is a judicial admission, *see Mendoza v. Fidelity & Guar. Ins.*, 606 S.W.2d 692, 694 (Tex. 1980), and establishes that he was ordered to serve probation as a consequence of the arrest he sought to expunge. The District Attorney also presented evidence that Morales was ordered to serve twelve months of probation through State's Exhibit 1. Moreover, in his petition for expunction of records, Morales stated that he complied with all the conditions of court ordered probation.

Therefore, because Morales has not proven that all the statutory requirements have been satisfied, specifically that he was not placed on probation under article 42.12, he is not entitled to expunction of records related to this arrest. *See* TEX. CODE CRIM. PROC.

ANN. art. 55.01(2)(B) (Vernon 2006).  We conclude the trial court abused its discretion by entering an order expunging Morales's records and sustain DPS's sole issue.

### IV.  Conclusion

Accordingly, we reverse the trial court's order and render judgment denying the expunction.  Pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Morales to be returned to the submitting agencies.  *See Ex Parte Elliott*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the expunction applies to all respondents, even if they did not participate in the appeal).


        NELDA V. RODRIGUEZ
        Justice

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.