NO. 07-08-0222-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 21, 2008

_____

EX PARTE KATHARINE ELISABETH CASE

_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 7274; HON. STUART M. MESSER, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Texas Department of Public Safety (Department), appeals an order of expunction entered by the 100th District Court of Hall County, Texas, expunging an arrest record of Katharine Elisabeth Case for the offense of possession of marijuana. Agreeing with the Department, we reverse and remand the matter to the trial court.

## Factual Background

Case filed a petition for expunction requesting that the court enter an order expunging an arrest for possession of marijuana from her criminal record. Within 30 days of the filing of the petition, Case presented the County Court of Hall County with an order of expunction. Realizing that the County Court of Hall County did not have jurisdiction over an expunction matter, Case presented a second order of expunction entered by the presiding judge of the 100th District Court of Hall County. One of the parties cited in the petition as a law enforcement agency having criminal records pertaining to Case was the Department. The Department did not receive notice of the filing of the petition for expunction or of the hearing on the request for expunction. After the expunction order was entered, the Department gave notice of appeal. By one issue, the Department contends that the trial court abused its discretion by setting a hearing on the petition for expunction without notice to all respondents named in the petition.

## Hearing Petition Without Notice

The standard of review for the granting of a petition of expunction under the present fact pattern is abuse of discretion. An abuse of discretion is shown when the trial court acts in an arbitrary, unreasonable manner and without reference to any guiding rules and principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Guidance for the trial court in the matter of an expunction is found in Chapter 55 of the Texas Code of Criminal Procedure, specifically article 55.02. See TEX. CODE CRIM. PROC. ANN. art. 55.02

2

(Vernon 2008).[1] Article 55.02 sets forth the requirement that the trial court set a hearing on the matter of the expunction no sooner than 30 days from its filing and give notice to all respondents named in the petition by certified mail, return receipt requested, or secure electronic mail, electronic transmission, or facsimile transmission. Art. 55.02, § 2(c)(1), (2). That these procedures were not complied with has been confessed by Case and, further, is so reflected in the record. Failure to abide by the procedures for notice to the Department is an abuse of discretion. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 939-40 (Tex.App.–Austin 1987, no writ). As a result, the Department is entitled to have the expunction set aside and the matter remanded to the trial court for another hearing that comports with the requirements of the statute. See Tex. Dep't of Pub. Safety v. Arbelo, 170 S.W.3d 734, 736 (Tex.App.–Amarillo 2005, no pet.).

Because we find the trial court abused its discretion, we reverse the trial court order of expunction and remand this matter back to the trial court for further proceedings.

Mackey K. Hancock
Justice

---

[1]Further reference to the Texas Code of Criminal Procedure will be by "art. __."

3