

**NUMBER 13-08-00398-CV**

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**         **Appellant,**

**v.**

**JIMMY HAROLD STATON,**         **Appellee.**

### On appeal from the 197th District Court of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

This is an appeal of an order of expunction. Appellee, Jimmy Harold Staton, petitioned the trial court to expunge records of his arrest for driving while intoxicated, a Class B misdemeanor. *See* TEX. PENAL CODE § 49.04 (Vernon 2003). The trial court granted the expunction. In two issues, the Texas Department of Public Safety (the Department) challenges the legal sufficiency of the evidence to support the order of

expunction. The Department argues that Staton failed to establish that he did not receive court-ordered probation under article 42.12 of the Texas Code of Criminal Procedure and, therefore, the trial court abused its discretion in granting Staton's expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2008). Because Staton fails to meet the statutory expunction requirements, and because we have no equitable power to extend the protections of the expunction statute, we reverse and render.

## I. BACKGROUND

On January 10, 1965, Staton was arrested for the offense of driving while intoxicated. *See* TEX. PENAL CODE § 49.04. On July 14, 1966, the court reopened and dismissed Staton's indictment after finding that he had successfully completed probation. On March 11, 2008, Staton filed a petition for expunction, and attached the July 14, 1966 order dismissing the indictment upon the completion of probation.[1] The Department filed an answer containing a general denial, special exceptions, and an affirmative defense contending that because Staton had received probation, he was not entitled to an expunction. At Stanton's expunction hearing, he argued that "[t]he Texas statute allows for an expunction at that time [July 14, 1966], even if the defendant did serve probation." Although the trial court noted the Department's objections, it granted the expunction, considering that "[s]omething that was that old, and that was dismissed under current law back then" should be expunged.

---

[1] The order states:

> On this the 14th day of July, 1966, came on to be heard the petition of the Defendant, Jimmy H. Staton, for reopening and dismissing the indictment against him, in this cause and *it appearing that the provision of the Adult Probation law have been complied with* and Defendant [is] thereby entitled to such relief, it is accordingly

> Ordered that this cause against the Defendant, Jimmy H. Staton is hereby reopened and the indictment against him be, and is hereby dismissed. (Emphasis added.)

2

## II. EXPUNCTION OF RECORDS

By two issues, the Department contends that the trial court erred in granting Staton's petition for expunction because Staton presented no evidence that he did not receive probation. We agree.

### A. Standard of Review

A trial court's ruling on an expunction is reviewed under an abuse of discretion standard. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). A trial court abuses its discretion when it acts without reference to guiding rules and principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

When reviewing a challenge to the legal sufficiency of the evidence, we "view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence if reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. *Id.* at 827-28.

### B. Requirements for Expunction

Expunction is neither a constitutional nor common-law right, but a statutory privilege. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.–Fort Worth 2002, no pet.). "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex. App.–Corpus Christi, 2007, no pet.). The applicable rules a trial court applies in determining a person's right to expunction are set out in article

3

55.01 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006).  Article 55.01 sets out that a person is entitled to expunction of an arrest record if:

> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or
>
> (B) convicted and subsequently pardoned; or
>
> (2) each of the following conditions exist:
>
> . . . .
>
> (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor . . . .

*Id.*  The only clause of the statutory expunction provision at issue in this appeal is article 55.01(a)(2)(B).

**C.     Analysis**

At the expunction hearing, Staton argued that, even if he did receive probation, "the Texas statute allow[ed] for an expunction at that time."  Article 55.01 was not enacted until August 29, 1977.  Act of Aug. 29, 1977, 65th Leg., R.S., ch. 747, § 1, 1977 Tex. Gen. Laws 1880 (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01).  Prior to the enactment of article 55.01, there was no law authorizing the expunction of criminal records.  *State v. Arellano*, 801 S.W.2d 128, 133 (Tex. App.–San Antonio 1990, no writ).  We, therefore, retroactively apply the current expunction statute to determine whether the trial court properly expunged Staton's criminal record.  *See id.* at 129, 132-34.

4

A person's entitlement to expunction arises only after all statutory conditions have been met. *Tex. Dep't of Public Safety v. Butler*, 941 S.W.2d 318, 320 (Tex. App.–Corpus Christi 1997, no writ). "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Fredricks*, 235 S.W.3d at 281. To be entitled to an expunction, Staton has the burden of proving that all of the statutory requirements have been satisfied. *Id.* at 282. At the expunction hearing, the court took judicial notice of the July 14, 1966 order dismissing the indictment upon the completion of probation. Staton presented no evidence that he did not receive probation; instead, he simply argued that even if he had received probation, his criminal record should be expunged. On this record, viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence is legally insufficient to support the trial court's order of expunction. *See City of Keller*, 68 S.W.3d at 807, 827-28. The Department's first issue is sustained.

Because Staton failed to prove that he was not placed on probation under article 42.12, and because we have no equitable power to extend the expunction statute beyond its stated availability, Staton is not entitled to expunction of records related to this arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B); *see also Fredricks*, 235 S.W.3d at 281. We conclude that the trial court abused its discretion by entering an order expunging Staton's records, and we sustain the Department's second issue.

### III. CONCLUSION

We reverse the trial court's order and render judgment denying the expunction. Pursuant to the Department's prayer for relief, we order all documents that were turned over to the trial court, or to Staton, to be returned to the submitting agencies. *See Ex Parte*

5

*Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the expunction applies to all respondents, even if they did not participate in the appeal).

_____

                                                    ROGELIO VALDEZ
_____                                             Chief Justice


Memorandum Opinion delivered and
filed on this the 13th day of August, 2009.