

**NUMBER 13-09-256-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**        **Appellant,**

**v.**

**JUANA MARIA GUTIERREZ,**        **Appellee.**

---

**On appeal from the 107th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela
Memorandum Opinion by Justice Vela**

In this restricted appeal, appellant, Texas Department of Public Safety ("DPS"), asks this Court to reverse the trial court's order granting a petition for the expunction of records filed by appellee, Juana Maria Gutierrez. By one issue, the DPS contends Gutierrez is not entitled to an expunction of records. We reverse and remand for proceedings consistent with this opinion.

## I. Background[1]

On April 22, 2002, Gutierrez pleaded guilty to the class A misdemeanor charge of resisting arrest, and was placed on deferred adjudication community supervision. The trial court dismissed the case on April 22, 2003, finding that she had complied with the conditions of deferred adjudication. On October 18, 2003, Gutierrez was arrested for burglary of a habitation with intent to commit assault. The State dismissed the charges in the burglary case on October 19, 2003. Thereafter, on July 29, 2008, Gutierrez petitioned the trial court to expunge the record of her arrest in both the resisting arrest and the burglary cases. At a hearing at which DPS was not present, Gutierrez's counsel acknowledged to the trial court that Gutierrez was only eligible for expunction with respect to the burglary charge and stated that he would "redo the order showing where we will bypass [the resisting arrest charge] and grant [relief on the burglary charge]." However, the trial court subsequently signed an order granting expunction on both charges.

## II. Restricted Appeal

To attack a trial court's judgment by restricted appeal, the DPS must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) appellant was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) appellant did not timely file a post-judgment motion, or request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a); and (4) the complained-of error is apparent from the face of

---

[1]The statement of facts set out in appellant's brief are to be accepted as true if supported by the record unless contradicted by another party. TEX. R. APP. P. 38.1(g). In this case, Morales did not file a brief. We will therefore accept as true the fact statement filed by Texas Department of Public Safety (DPS), if supported by record references.

the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi, 2007, no pet.); *see* TEX. R. APP. P. 26.1(c).

DPS filed its notice of appeal within six months of the date that the trial court signed the order.[2] DPS is a proper party to this suit because DPS was notified of the hearing, DPS filed an answer, and Gutierrez listed DPS as an entity potentially having records that he sought expunged. *See Tex. Dep't of Pub. Safety v. Arbelo*, 170 S.W.3d 734, 735 (Tex. App.–Amarillo 2005, no pet.) (providing that listing the entity as potentially having records sought expunged "permits one to reasonably deem the DPS as a party to the action"). DPS did not participate in the hearing expunging Gutierrez's record.[3] In its notice of restricted appeal, DPS states that it did not file any post-judgment motions, request findings of fact and conclusions of law, or file a notice of appeal, and the record does not show otherwise. Finally, as addressed below, the complained-of error is apparent from the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (setting out that the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal). Therefore, DPS satisfied each element for obtaining relief through this restricted appeal.

### III. EXPUNCTION OF RECORDS

By one issue, DPS contends that the trial court abused its discretion by entering an order expunging Gutierrez's arrest on the resisting arrest charge. DPS argues that

---

[2]The trial court signed the order on March 12, 2007, and DPS filed its notice of appeal on September 7, 2007.

[3]Although DPS filed an answer to Morales's petition for expunction of records, filing an answer is not participation for purposes of a restricted appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).

3

Gutierrez was not entitled to relief under article 55.01(2)(B) of the Texas Code of Criminal Procedure because she was placed on probation as a result of an arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2009). We agree.

A. Applicable Law

To be entitled to an expunction, the petitioner, Gutierrez in this case, has the burden of proving that all the statutory requirements have been satisfied. "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Fredricks*, 235 S.W.3d at 281. The applicable rules a trial court applies in determining a person's right to expunction are set out in article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2009). Article 55.01 sets out that a person is entitled to expunction of an arrest record if

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

. . . .

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under article 42.12 for any offense other than a Class C misdemeanor . . . .

*Id.*

B. Analysis

Gutierrez was neither acquitted by the trial court, nor convicted and subsequently

4

pardoned. Therefore, Gutierrez had the burden to show that each of the conditions listed under article 55.01(2) existed, including, in pertinent part, that there was no court ordered community supervision. *See id.,* art. 55.01(2)(B). Gutierrez acknowledged in her petition for expunction and at the hearing that she had served community supervision for the offense. Thus, she was not entitled to the complained-of expunction.

Therefore, because Gutierrez has not proven that all the statutory requirements have been satisfied, specifically that she was not placed on probation under article 42.12, she is not entitled to expunction of records related to this arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(2)(B). We conclude the trial court erred in entering an order expunging Gutierrez's record with respect to the resisting arrest charge. DPS's sole issue is sustained.

## IV. CONCLUSION

Accordingly, we reverse the trial court's expunction order only with respect to the resisting arrest charge and remand for proceedings consistent with this opinion.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 12th day of November, 2009.

5