

NUMBER 13-09-00620-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF E.E.F., A CHILD

On appeal from the 24th District Court
of Calhoun County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion by Chief Justice Valdez**

In this restricted appeal, appellant, Ramon Albert Sanchez, complains about the trial court's granting of a default judgment in favor of appellees, the Office of the Attorney General of Texas (the "Attorney General's Office") and Heather Farni. The default judgment, entered on May 26, 2009, concluded that Sanchez is the biological father of E.E.F. and, among other things, ordered Sanchez to pay child support and medical support to Farni. By one issue, Sanchez contends that the default judgment should be vacated and the cause remanded for further proceedings in the trial court because "the return of

citation was not on file ten days prior to the grant of default judgment, as required by law." We reverse and remand.

## I. BACKGROUND

On March 10, 2009, the Attorney General's Office filed a "Petition to Establish the Parent-Child Relationship," requesting the trial court to determine whether Sanchez is the biological father of E.E.F. The trial court set the hearing for the Attorney General's Office's petition for May 26, 2009.

Prior to the May 26, 2009 hearing, the Attorney General's Office attempted to serve Sanchez with citation at his place of employment in Houston, Harris County, Texas. The citation contained in the record has a file stamp of June 26, 2009, and reflects that service was returned on May 26, 2009. However, another notation on the citation reflects that Sanchez was served on March 30, 2009. In any event, Sanchez maintains on appeal that he neither received service of the Attorney General's Office's petition, nor notice of the May 26, 2009 hearing. As a result, Sanchez never filed an answer in this case.

On May 26, 2009, the trial court conducted a hearing on the Attorney General's Office's petition even though Sanchez did not appear. The trial court: (1) determined that Sanchez is the biological father of E.E.F.; (2) appointed Farni and Sanchez as joint managing conservators and granted Farni the power to determine the child's primary residence; (3) ordered Sanchez to pay $222 per month in child support, 50% of the cost of health care for E.E.F., and $24 per month in "cash medical support"; and (4) ordered Sanchez to pay $7,170 in back child support, dating from March 20, 2006 to the date of the hearing.

Sanchez did not file any post-judgment motions or request any findings of fact or conclusions of law. On November 10, 2009, Sanchez filed his notice of restricted appeal.

2

*See* TEX. R. APP. P. 26.1(c), 30.

## II. RESTRICTED APPEAL

To attack a trial court's judgment by restricted appeal, Sanchez must show that: (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) Sanchez was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) Sanchez did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a) of the Texas Rules of Appellate Procedure;[1] and (4) the complained-of error is apparent from the face of the record. TEX. R. APP. P. 30; *see Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.); *see also* TEX. R. APP. P. 26.1(c).

Sanchez filed his notice of appeal within six months of the date that the trial court signed the order.[2] Sanchez is a proper party to this suit because he was named in the Attorney General's Office's petition as the potential biological father of E.E.F. The record reflects that Sanchez did not participate in the May 26, 2009 hearing. In his notice of restricted appeal, Sanchez states that he did not file any post-judgment motions, request findings of fact and conclusions of law, or file a notice of appeal, and the record does not show otherwise. Finally, as addressed below and conceded by the Attorney General's Office, the complained-of error—the defect in service of citation—is apparent from the face

---

[1] Rule 26.1(a) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within ninety days after the judgment has been signed if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if such a request was required by the rules of civil procedure or could properly be considered by the appellate court. *See* TEX. R. APP. P. 26.1(a).

[2] The trial court signed the complained-of order on May 26, 2009, and Sanchez filed his notice of appeal on November 11, 2009, within six months of May 26, 2009.

of the record.  *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (stating that, the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal).  Therefore, we conclude that Sanchez has satisfied each element for obtaining relief through this restricted appeal.

## III. THE SERVICE DEFECT

By his sole issue on appeal, Sanchez argues that the trial court's May 26, 2009 judgment should be vacated and the case should be remanded for further proceedings because the return of citation was not on file ten days prior to the grant of the default judgment, as required by Texas Rule of Civil Procedure 107.  *See* TEX. R. CIV. P. 107.  The Attorney General's Office agrees.[3]

## A.    Applicable Law

Citation may be served by any sheriff or constable or other person authorized by law, or by any person of at least eighteen years of age authorized by law or by written court order.  *Id.* at R. 103.  The return of service must be endorsed by the officer or authorized person executing the citation.  *Id.* at R. 107.  If the return is by an authorized person, it must be verified.  *Id.*  Rule 107 also requires that "[n]o default judgment shall be granted in any cause until the citation . . . with proof of service . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."  *Id.*

---

[3] The Attorney General's Office does argue that Sanchez is not entitled to the request in his prayer that "all relief sought by Appellee be denied" and that the family code prohibits the assessment of appellate costs against the Attorney General's Office.  Because we do not address the underlying merits of the Attorney General's Office's petition pertaining to the parentage of E.E.F. in this opinion, we agree that Sanchez is solely entitled to a remand of this cause for a hearing on the Attorney General's Office's petition.  Furthermore, we agree that appellate costs shall not be assessed against the Attorney General's Office.  *See* TEX. FAM. CODE ANN. § 231.001 (Vernon 2008) (recognizing the Attorney General's Office as the state's "Title IV-D agency"), §§ 231.002(a)(3) (Vernon Supp. 2009) (empowering the Attorney General's Office to initiate legal actions pertaining to the parent-child relationship), 231.101(a)(2), (3) (providing that the Attorney General's Office may provide services to determine paternity and establish child support and medical support), 231.202 (listing various fees that the Attorney General's Office is responsible for paying; the list is silent with respect to the costs of appellate review), § 231.204 (Vernon 2008) (providing that the Attorney General's Office may not be charged for "a filing fee or other costs payable to a clerk of an appellate court").

"Strict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing service of citation constitutes error on the face of the record. *Id.* at 153 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."); *see Ins. Co. of State of Pa., v. Lejune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment." *Silver*, 884 S.W.2d at 152; *see Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007) (per curiam); *see also Maib v. Maib*, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4 (Tex. App.–Corpus Christi June 11, 2009, no pet.) (mem. op.) (citing *Wachovia Bank of Del., Nat'l Ass'n v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam)). Rather, when a default judgment is entered, we will "rigidly enforce the rules governing service," because

> "the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedure rules, under a principle of equality the derelictions offset each other . . . ."

*Festina*, 226 S.W.3d at 408 (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)). "Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde County Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

**B.    Discussion**

Here, the record contains a citation that was issued on March 10, 2009. The citation states that service was returned on May 26, 2009; however, the attached page to the citation notes that Sanchez was served on March 30, 2009, and the notation was signed

5

by a Harris County Constable from Precinct #4. In any event, the citation was file-stamped by the Calhoun County District Clerk on June 26, 2009, even though the hearing on this matter transpired on May 26, 2009. As noted above, rule 107 of the rules of civil procedure requires that the citation be executed and endorsed by the serving agent authorized by law and be on file with the Calhoun County District Clerk for ten days "exclusive of the day of filing and the day of judgment." *See* TEX. R. CIV. P. 107. Moreover, rule 107 dictates that no default judgment shall be entered if the citation has not been on file with the clerk of the court for ten days. *See id.* Because the citation in this case was file-stamped on June 26, 2009, and, therefore, was not on file with the Calhoun County District Clerk for ten days preceding the May 26, 2009 default judgment, we conclude that the Attorney General's Office did not strictly comply with rule 107 of the rules of civil procedure, and the failure to do so constitutes error on the face of the record; thus, the trial court erred in granting default judgment against Sanchez. *See id.*; *Lejune*, 297 S.W.3d at 256; *Festina*, 226 S.W.3d at 407-08; *Silver*, 884 S.W.2d at 152-53; *see also Maib*, 2009 Tex. App. LEXIS 4135, at *4. Accordingly, we sustain Sanchez's sole issue.

## IV. CONCLUSION

Based on the foregoing, we reverse the trial court's May 26, 2009 judgment and remand for proceedings consistent with this opinion.

ROGELIO VALDEZ,
Chief Justice

Delivered and filed the
29th day of April, 2010.

6