

# NUMBER 13-19-00209-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE A.G.J.

**On appeal from the 197th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Tijerina**

In this restricted appeal, appellant the Texas Department of Public Safety (the Department) appeals the trial court's order expunging all files and records relating to the arrest of appellee A.G.J. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01−.06. By two issues, the Department contends that A.G.J. was not entitled to expunction and the evidence was insufficient to support the expunction. We affirm in part, and we reverse and render in part.

## I.  BACKGROUND

On July 11, 2005, A.G.J. was arrested and later charged with aggravated assault with a deadly weapon, possession of a prohibited weapon, and criminal trespass. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 30.05, 46.05. Pursuant to a plea agreement with the State, A.G.J. pleaded "guilty" to criminal trespass, and in exchange, the State dismissed the aggravated assault with a deadly weapon and prohibited weapon charges. The trial court sentenced A.G.J. to sixty days' confinement.

On August 30, 2018, A.G.J. filed a petition to expunge all the records relating to his 2005 arrest under article 55.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). On October 18, 2018, the Department filed an answer opposing expunction of A.G.J.'s 2005 arrest records because the aggravated assault and possession of a prohibited weapon charges were dismissed in exchange for A.G.J.'s guilty plea to criminal trespass. On November 14, 2018, the trial court held an expunction hearing; however, the Department did not participate. On November 27, 2018, the trial court granted the expunction of A.G.J.'s July 11, 2005 arrest for aggravated assault with a deadly weapon and for an aggravated assault charge occurring on March 29, 1997.[1] The Department then filed this restricted appeal on May 1, 2019 only challenging the judgment on the ground that the trial court improperly granted the expunction of the 2005 arrest.[2]

## II.  APPLICABLE LAW AND STANDARD OF REVIEW

---

[1] The Department states in its brief that it has no objection to the judgment insofar that it granted the expunction of A.G.J.'s 1997 arrest records. Therefore, we affirm the trial court's judgment concerning the expunction related to the 1997 arrest records.

[2] A.G.J. has not filed a brief to assist us in the resolution of this matter.

Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure governs when a petitioner has a right to expunction of an arrest due to dismissal of the charge. *Id*. art. 55.01(a)(2)(A). Pursuant to article 55.01, a person may have all records and files relating to a custodial or noncustodial arrest for either a felony or misdemeanor expunged if "the person has been released and the charge, if any, has not resulted in a final conviction," is no longer pending, and "there was no court-ordered community supervision under Chapter 42A for the offense." *Id*. All charges stemming from an arrest must meet the article's requirements for a petitioner to be entitled to an expunction. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.). Stated another way, "individual charges within an arrest" are not subject to expunction, and the trial court may only grant the expunction of an arrest if every offense *arising from* that arrest meets the requirements of article 55.01. *S.J.*, 438 S.W.3d at 845.

It is an abuse of discretion for the trial court to grant the expunction if the statutory conditions for expunction have not been met. *Vega*, 510 S.W.3d at 547. Trial courts possess "no equitable power to permit expunction where it is not allowed" by statute. *Id*.

### III.   RESTRICTED APPEAL

A restricted appeal may be filed if: (1) the party (a) filed its notice of appeal within six months after the judgment was signed, (b) did not participate in the hearing that resulted in the complained-of judgment, and (c) did not timely file a post-judgment motion or request findings of fat and conclusions of law; and (2) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.—Corpus Christi–Edinburg

2007, no pet.). "The 'face of the record' includes all papers on file in the appeal and the reporter's record, if any." *Fredricks*, 235 S.W.3d at 280.

## IV.    ANALYSIS

Here, the record shows that the Department filed its notice of restricted appeal within six months of the expunction order, did not appear at the expunction hearing, and did not file any post-judgment motions or request for findings of fact and conclusions of law. *Alexander*, 134 S.W.3d at 848; *Fredricks*, 235 S.W.3d at 278. Thus, we must determine if error is apparent from the face of the record. *Fredricks*, 235 S.W.3d at 278.

The record reflects that A.G.J. pleaded guilty to the offense of criminal trespass pursuant to a plea agreement with the State, and in exchange, the State dismissed the aggravated assault and possession of a prohibited weapon charges. Accordingly, we conclude that A.G.J. failed to meet the requirements of article 55.01(a)(2) because the record shows that, although the aggravated assault and prohibited weapon charges were dismissed, as part of his plea agreement with the State, A.G.J. was convicted of criminal trespass, an offense which arose out of the same criminal transaction. Thus, the 2005 arrest resulted in a final conviction rendering A.G.J.'s 2005 arrest records ineligible for expunction. *See Ex parte Vega*, 510 S.W.3d at 547; *S.J.*, 438 S.W.3d at 845; *Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.) (concluding that the appellant failed to meet the requirements of expunction under article 55.01(a)(2) because the records showed that although a theft charge was dismissed, the appellant was convicted of a Class C offense for issuing a bad check); *see also Ex parte De La Garza*, No. 13-16-00522-CV, 2018 WL 1417450, at *3 (Tex. App.—Corpus Christi–Edinburg March 22, 2018, no pet.) (mem. op.) (concluding that the expunction petitioner failed to

4

meet the requirements of article 55.01(a)(2) because the record showed that although the petitioner's assault charge had been dismissed, as part of his plea agreement with the State, the petitioner was convicted of a Class C offense for disorderly conduct); *Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("In the instant case, appellee pled guilty and by doing so admitted that she was not wrongfully arrested."). We conclude that the trial court abused its discretion by expunging A.G.J.'s 2005 arrest records, *see Vega*, 510 S.W.3d at 547, and error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848; *Fredricks*, 235 S.W.3d at 278. We sustain the Department's first issue.

## V.     CONCLUSION

We affirm the expunction order concerning the expunction of records of A.G.J.'s 1997 arrest. We reverse the trial court's expunction order concerning A.G.J.'s 2005 arrest records and render judgment denying expunction as it relates to the 2005 arrest.[3]

JAIME TIJERINA,
Justice

Delivered and filed the
23rd day of April, 2020.

---

[3] We need not address the Department's second issue arguing that the evidence is insufficient to support the expunction of A.G.J.'s 2005 arrest as it is not dispositive. *See* TEX. R. APP. P. 47.1.