**Ahmad YAZDCHI; Habibollah Yazdchi; and Abbas Yazdchi, Plaintiff–Appellants,**

v.

**GEICO; Allstate Insurance; Travelers Insurance Company; State Farm Mutual Automobile Insurance Company; Bayou City Action Pool, Inc.; and Matthew Groner, d.b.a. Matthew Auto Sales, Defendant–Appellants.**

No. 04–21005.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Jan. 20, 2006.

Ahmad Yazdchi, Houston, TX, pro se.

Habibollah Yazdchi, Houston, TX, pro se.

Abbas Yazdchi, Houston, TX, pro se.

Barbara L. Hachenburg, Shannon Clark Thorne, Germer, Bernsen & Gertz, Ruth Ellen Piller, Daniel David Horowitz, III, Hays, Mcconn, Rice & Pickering, Christopher Weldon Martin, Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, Frank M. Pisano, Paul Lee Mitchell, Zummo, Mitchell & Perry, Houston, TX, Roger D. Higgins, Jacquelyn Chandler, Thompson, Coe, Cousins & Irons, Dallas, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

The Yazdchis, plaintiffs in this case, file an appeal from the District Court's dis-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

missal for lack of subject-matter jurisdiction. The plaintiffs are relatives of Ali Yazdchi, the owner of a business involved in selling automobiles. Ali Yazdchi was prosecuted by the State of Texas for fraud based on reselling salvaged or wrecked cars as new to consumers after disguising the damage. Upon his release, Ali Yazdchi filed a suit against the defendants in state court alleging that they did not disclose the true condition of various automobiles, causing him to unknowingly commit the frauds for which he was prosecuted. The matter before us is an identical suit filed by relatives of Mr. Yazdchi in federal court, and Ali Yazdchi is not a plaintiff here.

The District Court dismissed based on a failure to prove federal subject matter jurisdiction. The only basis alleged by the appellants is diversity jurisdiction. The Yazdchis claim to be residents of Iran. Allegation of residency is insufficient—the plaintiff must allege citizenship to satisfy diversity requirements. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985). Additionally, the record shows that the plaintiffs have represented that they are residents of Harris County to other courts and are therefore domiciled in Texas. 28 U.S.C. § 1332. Because at least one of the defendants is also a citizen of Texas, there is no diversity jurisdiction here. The decision of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.