United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10479
_____

AHMAD YAZDCHI, doing business as Al Auto;

ALI YAZDCHI, doing business as Al Auto

            Plaintiffs - Appellants

   v.

AMERICAN HONDA FINANCE CORP; DALLAS AUTO AUCTION INC

            Defendants - Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:04-CV-203

_____

Before KING, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs-appellants Ali and Ahmad Yazdchi ("plaintiffs")

contend that the district court abused its discretion by

dismissing with prejudice their suit against defendants-appellees

American Honda Finance Corp. ("AHFC") and Dallas Auto Auction,

Inc. ("DAA") (collectively, "defendants").  Because we find no

_____

     [*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

1

abuse of discretion, we AFFIRM.[1]

## I.  Factual and Procedural Background

The underlying suit follows a 1999 suit brought by the State of Texas against Ali Yazdchi for fraud, insurance fraud, deceptive trade practices, theft, and falsification of automobile title documents.  The State contended that since the early 1980s, Ali Yazdchi purchased salvage, flooded, wrecked, and recovered stolen vehicles from auto auctions, superficially repaired the damaged ones to appear as if they were in good condition, rolled back the odometers on some of the cars, and sold them to unsuspecting customers for more than their worth.  The suit was ultimately resolved in 2000 by an agreed final judgment that restrained Ali Yazdchi from engaging in these types of acts, awarded damages, attorneys' fees, and expenses to the State, and appointed a receiver to distribute, as restitution to Ali Yazdchi's injured customers, much of Ali Yazdchi's frozen funds and the proceeds from the sale of most of his remaining vehicles.

In December 2003, plaintiffs Ali and Ahmad Yazdchi, who are brothers, filed the present suit alleging that AHFC, through its alleged apparent agent DAA, sold them twenty-one damaged Hondas and Acuras between 1997 and 1999 while representing that the cars were in excellent condition.  Plaintiffs claim that they

---

[1]  Plaintiffs' motion to strike defendants' briefs is denied.  The briefs complied with all procedural requirements and addressed the relevant issues in this appeal.

innocently resold the vehicles to consumers and ultimately had to pay the State of Texas $3 million as a result of their reliance on defendants' alleged misrepresentations.

On April 11, 2004, the district court issued an amended scheduling order that established January 31, 2005, as the deadline for all discovery and April 4, 2005, as the beginning of trial. The deadline for discovery was later extended to February 28, 2005. On April 29, 2004, DAA served plaintiffs with interrogatories, requests for production of documents, and requests for admissions, and AHFC served its interrogatories and requests for production on May 17, 2004.

Ahmad Yazdchi failed to respond at all, and Ali Yazdchi's interrogatory responses generally instructed the defendants, without referencing any specific documents, to check their own business records for the requested information, to check with courthouses for the information, or to wait for the information to become available. Similarly, Ali Yazdchi answered the great majority of document requests by stating that the documents were not available and would be "provided at a later time." After attempts by AHFC and DAA to get plaintiffs to comply with the discovery requests, the district court issued an order on August 26, 2004, compelling plaintiffs to supplement their inadequate responses to DAA's interrogatories and to comply with DAA's requests for production. The court also granted sanctions against plaintiffs in the amount of reasonable expenses and

attorneys' fees incurred by DAA as a result of the noncompliance. Plaintiffs filed a motion to set aside the sanctions, which the court denied.

Despite the order, Ali Yazdchi only slightly expanded on some of his earlier interrogatory responses and continued to point the defendants to other general sources of information, including his first set of answers that had already been deemed inadequate by the district court. Ali Yazdchi again failed to comply with defendants' requests for production, promising to turn over the documents at a future time, and Ahmad Yazdchi again made no response at all. Accordingly, on November 2, 2004, the district court issued orders compelling each plaintiff to comply with AHFC's and DAA's discovery requests within two weeks of the order and specifically required independent responses from Ahmad Yazdchi. The court again awarded reasonable attorneys' fees-- this time to AHFC--and twice warned plaintiffs that failure to comply sufficiently with the order would result in the dismissal of their case.[2] The court also noted plaintiffs' "unprofessional, and sometimes abusive, conduct towards opposing counsel."

---

[2] Discussing the order relating to AHFC's discovery requests, the court wrote, "The Court warns both Plaintiffs that failure to sufficiently comply with this order may result in the dismissal of their case." Later, discussing the order relating to DAA's discovery requests, the court wrote, "The Court warns Plaintiffs that failure to comply with this order will result in the dismissal of their case."

Again, however, Ali Yazdchi's supplemental interrogatory responses contained the same deficiencies, and although he produced a set of documents to defendants, it mostly consisted of court filings, correspondence between the parties, copies of his prior discovery responses, and other miscellaneous documents. A document purportedly containing Ahmad Yazdchi's interrogatory responses was finally submitted, but the handwritten document appears to be a photocopy of Ali Yazdchi's answers with Ahmad Yazdchi's name written over that of Ali Yazdchi on the first page--but not the last page, which still said that the document provided Ali Yazdchi's interrogatory answers. The document also falsely represented that it was sworn before a notary public in Harris County, Texas, when the seal shows, and plaintiffs concede, that it was witnessed by an Iranian translator. Ahmad Yazdchi failed to produce any additional documents, claiming that they were all in Ali Yazdchi's possession.

On January 31, 2005, the district court dismissed the action with prejudice. The court later denied plaintiffs' motions for new trial and for reconsideration, and plaintiffs timely appealed.

## II. Analysis

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, a district court may impose "just" sanctions on a party who fails to comply with a discovery order, including the dismissal of a

plaintiff's action with prejudice.[3]  A court's decision to impose

this severe sanction may only be reversed for an abuse of

discretion, but several considerations guide our inquiry.

> First, dismissal is authorized only when the
> failure to comply with the court's order
> results from willfulness or bad faith, and not
> from the inability to comply.  Next, dismissal
> is proper only in situations where the
> deterrent value of Rule 37 cannot be
> substantially achieved by the use of less
> drastic sanctions.  Another consideration is
> whether the other party's preparation for
> trial was substantially prejudiced.  Finally,
> dismissal may be inappropriate when neglect is
> plainly attributable to an attorney rather
> than a blameless client, or when a party's
> simple negligence is grounded in confusion or
> sincere misunderstanding of the court's
> orders.

Prince v. Poulos, 876 F.2d 30, 32 (5th Cir. 1989).  Additionally,

the factual findings on which the district court based its

decision are reviewed for clear error.  See Bluitt v. Arco Chem.

Co., 777 F.2d 188, 191 (5th Cir. 1985).

The record in this case confirms that the district court did

---

[3]  Rule 41(b) also allows dismissal for failure to comply with a court order.  However, district courts that dismiss an action with prejudice under this rule must make express findings concerning whether less drastic sanctions would serve the purposes of the rule, which the court here did not do.  See Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1033 n.2 (5th Cir. 1990); Batson v. Neal Spelce Assocs., 765 F.2d 511, 516 n.2 (5th Cir. 1985).  We need not address dismissal under Rule 41(b), however, because Rule 37 provides a proper basis for dismissal even without an express discussion of lesser sanctions by the lower court.  Batson, 765 F.2d at 516.  This court can "affirm the district court's judgment on any grounds supported by the record."  Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

not abuse its discretion. While plaintiffs' excuse of inexperience with the legal system could arguably explain their initial failure to provide adequate responses to the discovery requests, the willfulness of their actions is evidenced by their continued failure to comply even after the specific inadequacies of their responses were detailed in several requests and motions from defendants and two orders from the district court. For example, like most of his interrogatory responses, Ali Yazdchi initially sidestepped DAA's request that he specifically detail the defects that were allegedly undisclosed for each vehicle sold to him, responding that the information could be obtained from defendants' business records. After defendants pointed out the inadequacy of this response and the court ordered Ali Yazdchi to supplement his answers, he updated his answer to generally assert that all of the cars were damaged and that the details could be found in the prior lawsuit brought by the State of Texas or defendants' business records. Even after the district court's second order noted Ali Yazdchi's continued failure to address the specific defects of each individual vehicle, he again generally asserted that all of the vehicles were in accidents and damaged. The record is replete with similar instances of generalized or nonresponsive answers to discovery requests that, in light of the specific requests for compliance by defendants and the court, show the willfulness of plaintiffs' actions.

Ali Yazdchi's responses to the discovery requests were no

7

better; even after two orders compelling his adequate compliance with defendants' discovery requests, he only turned over a small assortment of court filings, other miscellaneous documents, and a few documents of general relevance to this case. The record also indicates that Ali Yazdchi made certain relevant documents available at a meeting with defendants but withdrew the documents before they could be copied or listed for a discoverability determination by the district court. Although Ali Yazdchi later claimed that the withdrawn documents were not relevant, his failure to provide them after the court specifically ordered him to do so is without excuse.

As another example of plaintiffs' contumacious conduct, Ahmad Yazdchi failed to respond altogether until after the district court's second order. Despite the district court's explicit command that he independently respond to the discovery requests, it is apparent that Ahmad Yazdchi merely submitted Ali Yazdchi's answers with his own name written on the first page. Plaintiffs also misrepresented that the document was notarized by a notary public in Harris County, Texas when it was actually sworn before an Iranian translator, making the answers effectively unsworn. See TEX. GOV'T CODE ANN. § 602.002.

Plaintiffs' contention that two court order violations are insufficient to justify dismissal is belied by precedent that has affirmed dismissal under similar circumstances where only one discovery order has been violated. See Truck Treads, Inc. v.

8

<u>Armstrong Rubber Co.</u>, 818 F.2d 427, 429 (5th Cir. 1987); <u>see also</u> <u>Coane v. Ferrara Pan Candy Co.</u>, 898 F.2d 1030, 1032 (5th Cir. 1990) (dismissing an action principally because the plaintiff failed to obey two court orders).  Also, despite plaintiffs' claim that the litigation was "in its early stages," the case was dismissed after nine months of discovery failures with only approximately two months remaining until trial.  That plaintiffs point to two cases finding eight months' delay insufficient to warrant dismissal in other contexts has little relevance here, where the trial and discovery schedule rendered the delay excessive.  And although plaintiffs correctly note that the delay here was not characterized by total inactivity, the willfulness of their noncompliance with the district court's orders is nonetheless sufficient to justify dismissal.  <u>See</u> <u>McNeal v. Papasan</u>, 842 F.2d 787, 790-91 (5th Cir. 1988).

The record also supports the conclusion that lesser sanctions would have been ineffective, as the district court twice required plaintiffs to pay defendants' reasonable attorneys' fees and expenses incurred due to plaintiffs' noncompliance with the discovery requests.  The district court warned plaintiffs twice in its second order that their suit would be dismissed if they did not adequately supplement their discovery responses, and their failure to adequately comply when apprised of this consequence warrants dismissal.

Finally, defendants were plainly prejudiced by plaintiffs'

9

failure to provide adequate discovery responses, as trial was roughly two months away at the time that the action was dismissed and defendants had obtained virtually no information of any relevance after nine months of discovery attempts.  See Prince v. Poulos, 876 F.2d 30, 32-33 (5th Cir. 1989).  The information sought by defendants, which included the specific defects that they allegedly failed to disclose to plaintiffs for each car, was crucial to developing their defense, and the withholding of this information hindered defendants' ability to prepare for trial.

While courts are more lenient with pro se litigants, we have cautioned that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law," Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991), and that "[t]hose who venture into federal court without the assistance of counsel cannot . . . be permitted to enjoy much or protracted advantage by reason of that circumstance." Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).  We are satisfied that the district court in this case extended the appropriate amount of leniency to plaintiffs.

AFFIRMED.  MOTION DENIED.  Costs shall be borne by plaintiffs.