Opinion issued May 7, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00177-CV






ABBAS YAZDCHI, HABIBOLLAH YAZDCHI AND AHMAD YAZDCHI,
Appellants


V.


TED L. WALKER AND TAMMY TRAN, Appellees






On Appeal from the County Civil Court No. 4

Harris County, Texas

Trial Court Cause No. 814193






MEMORANDUM OPINION


 Appellants, Abbas Yazdchi, Habibollah Yazdchi, and Ahmad Yazdchi, appeal
the trial court's order that granted summary judgment in favor of the appellees, Ted
L. Walker and Tammy Tran. In six issues on appeal, the appellants argue that (1) the
trial court erred in granting summary judgment because one of the appellants was not
in court and a motion for continuance was filed; (2) the trial court erred in granting
summary judgment because genuine issues of fact exist; and (3) the appellees did not
properly support their summary judgment with evidence.

 We affirm.

Background

 This appeal, like so many of the Yazdchis' other appeals, (1) stem from facts
surrounding a November 12, 1999 lawsuit (2) brought by the State of Texas against Ali
Yazdchi for fraudulent acts in violation of the Texas Deceptive Trade Practices Act. (3)
Mina Bouja intervened in that suit, State of Texas v. Yazdchi, after filing for divorce
from Ali Yazdchi. On April 14, 2000, the trial court signed an agreed final judgment
in State of Texas v. Yazdchi in which all parties agreed not to contest the entry of the
agreed final judgment. The agreed final judgment appointed a permanent receiver to
sell all vehicles owned by Ali Yazdchi and distribute funds from frozen Yazdchi
accounts, ordered a permanent injunction restraining Ali Yazdchi from certain acts
and practices, and awarded $111,500 to Mina Bouja, Ali Yazdchi's ex-wife, who was
represented by appellants Ted L. Walker and Tammy Tran. 

 On April 14, 2004, appellants filed the instant suit against the appellees for
conversion, negligence, fraud, and unjust enrichment in the amount of $55,000. (4) The
appellants alleged that Walker and Tran received money from either the bank or the
receiver and "took over $55,000 of [their] money without good reason." Both Walker
and Tran moved for summary judgment. (5)

 Walker's summary judgment contended that the appellants' claim of
conversion was barred by limitations, that Walker exercised no wrongful dominion
or control of the money at issue and that appellants cannot show that the money
received by Walker actually belongs to appellants. Walker also contended that there
was no evidence of fraud or misrepresentation because he had no attorney-client
relationship with appellants. Rather, Walker represented Mina Bouja. Walker also
contended that the appellants' unjust enrichment claim was barred by limitations and
that no evidence showed that the appellants had been damaged as a proximate cause
of any actions or inaction by Walker. 

 The appellants responded that the agreed final judgment in State of Texas v.
Yazdchi was between Ali Yazdchi and not the plaintiffs to this suit and therefore their
money should not have been given to the appellees. The appellants further responded
that they notified the appellees that the money at the bank belonged to them and "[the
appellees] assured [us] that they [were] not going to take it since [it] belonged to [us]. 
[The appellants] relied on that misrepresentation and they were defrauded by [the
appellees]."

 On November 19, 2004, the trial court granted the summary judgment motions
of Walker and Tran without specifying its reasons and ordered that the appellants take
nothing. 

Analysis


 As a preliminary matter, the appellees point out that the appellants have not
provided this Court with Tran's motion for summary judgment and, therefore, we
must affirm the portion of the trial court's order that granted Tran's summary
judgment motion. We agree.

 The clerk's record does not contain a copy of Tammy Tran's motion for
summary judgment. It is the appellants' burden to bring forward the summary
judgment record to prove there is reversible error. Tex. R. App. P. 34(d); DeSantis
v. Wackenhut Corp., 793 S.W.2d 670, 689 (Tex. 1990). In the absence of a complete
record of the summary judgment proof considered by the trial court, the appellate
presumption shall be that the omitted documents support the judgment of the trial
court. DeSantis, 793 S.W.2d at 689; Bell v. Moores, 832 S.W.2d 749, 755 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). Because we cannot review Tran's
motion for summary judgment, we presume that the omitted documents support the
judgment of the trial court. We affirm the portion of the trial court's order that grants
Tammy Tran's motion for summary judgment.

 We now consider the appellants' portion of the appeal as it relates to Walker's
motion for summary judgment.

Motion for Continuance

 In their first and second issues, the appellants argue that the trial court
improperly granted summary judgment because Abbas Yazdchi was in the hospital,
nobody represented him in his claim in court, and they filed a motion for continuance. 
 As a prerequisite to presenting a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely request,
objection, or motion and that the trial court (1) ruled on the request, objection, or
motion, either expressly or impliedly, or (2) refused to rule on the request, objection,
or motion, and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a). 
 The record reflects that the appellants filed a motion for new trial on December
17, 2004 and that they attached a motion for continuance. (6) The motion for
continuance does not show a file stamp, nor does it otherwise show that it was filed
and presented to the trial court before summary judgment was granted on November
14, 2004. Rather, it contains a file stamp that has been crossed out and the word
"received" has been written in. The record does not show that the trial court ruled on
the appellants' motion for continuance. Because the record does not show that the
motion for continuance was filed and brought to the attention of the trial court or that
the trial court ruled on it before it granted summary judgment, we conclude that the
appellants have failed to preserve error, if any, on this issue. See Tex. R. App. P.
33.1; Mitchell v. Bank of Am., 156 S.W.3d 622, 626 (Tex. App.--Dallas, 2004, pet.
denied) (party who failed to obtain ruling from trial court on motion for jury trial
continuance failed to preserve error); Washington v. Tyler Indep. Sch. Dist., 932
S.W.2d 686, 690 (Tex. App.--Tyler 1996, no writ) (party's failure to obtain written
ruling on motion for continuance of summary judgment hearing waived any error). 

 We overrule the appellants' first and second issues. (7)

Summary Judgment

 In their third, fourth, fifth, and sixth issues, the appellants argue that genuine
issues of material fact precluded the trial court from granting the appellees' summary
judgment motions. 

 In their argument, the appellants provide no authority or argument relevant to
the trial court's granting of summary judgment in favor of the appellees on all of the
appellants' claims. Accordingly, we hold that the appellants have waived their
appeal. See Tex. R. App. P. 38.1(h). Moreover, the appellants do not in any way
address the specific grounds for summary judgment set forth in Walker's motion for
summary judgment. See Wilchester West Concerned Homeowners LDEF, Inc. v.
Wilchester West Fund, Inc., 177 S.W.3d 552, 562 (Tex. App.--Houston [1st Dist.]
2005, pet. denied) (citing Star-Telegram, Inc., v. Doe, 915 S.W.2d 471, 473 (Tex.
1995) (stating that "non-movant" is required to show that each ground alleged in the
motion for summary judgment was insufficient to support summary judgment")). 
Accordingly, even if the appellants had addressed some of the grounds presented in
Walker's summary judgment, we would be required to affirm the summary judgment
on the other grounds not addressed on appeal by the appellants. See id.; see also
Yazdchi v. Cornelius, 01-07-00844-CV, 2009 WL 214547, at *3 (Tex.
App.--Houston [1st Dist.] Jan. 29, 2009, no pet.) (mem. op.) 

 We overrule the appellants' third, fourth, fifth, and sixth issues on appeal.






Conclusion


 We affirm the trial court's order granting summary judgment in favor of the 


appellees, Ted L. Walker and Tammy Tran.






 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

1. See Yazdchi v. Nexcess Motorcars, No. 01-07-00185-CV, 2007 WL 1844901 (Tex.
App.--Houston [1st Dist.] June 28, 2007, no pet.) (mem.op.); Yazdchi v. Allstate Ins.
Co., No. 01-05-00327-CV, 2007 WL 1152983 (Tex. App.--Houston [1st Dist.] Apr.
19, 2007, no pet.) (mem.op.); Yazdchi v. Am. Honda Fin. Corp., No. 05-10479, 2007
WL 464705 (5th Cir. Feb. 6, 2007); Auto v. Travelers Ins. Co., No. 01-05-00327-CV,
2006 WL 2893324 (Tex. App.--Houston [1st Dist.] Oct. 12, 2006, no pet.)
(mem.op.); Yazdchi v. S. County Mut. Ins. Co., No. 11-06-00166-CV, 2006 WL
2253940 (Tex. App.--Eastland Aug. 3, 2006, no pet.) (mem.op.); Yazdchi v. Am.
Nat'l Prop. and Cas. Co., No. 01-05-00750-CV, 2005 WL 3454142 (Tex.
App.--Houston [1st Dist.] Dec. 15, 2005, no pet.) (mem.op.); Yazdchi v. Citicorp
Credit Serv., Inc., No. 01-05-00740-CV, 2005 WL 2989699 (Tex. App.--Houston
[1st Dist.] Nov. 3, 2005, no pet.) (mem.op.); Yazdchi v. State, No. 14-04-00500-CV,
2005 WL 2149416 (Tex. App.--Houston [14th Dist.] Sept. 8, 2005, no pet.)
(mem.op.); Yazdchi v. Am. Arb. Ass'n, No. 01-04-00149-CV, 2005 WL 375288 (Tex.
App.--Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem.op.); Yazdchi v. Bennett Law
Firm, P.C., No. 14-01-00928-CV, 2002 WL 1163568 (Tex. App.--Houston [14th
Dist.] May 30, 2002, no pet.) (not designated for publication); Bouja v. State, No.
14-00-00072-CV, 2000 WL 674850 (Tex. App.--Houston [14th Dist.] May 25, 2000,
no pet.) (not designated for publication); Yazdchi v. City of Houston, No.
14-98-01296-CV, 1999 WL 219381 (Tex. App.--Houston [14th Dist.] Apr. 15, 1999,
no pet.) (not designated for publication). Appellees also point out that Yazdchi has
been involved in other appeals: Jones v. Wells Fargo Bank, No. 13-04-00609-CV,
2007 WL 1217403, at *1-2 n.11 (Tex. App.--Corpus Christi, Apr. 26, 2007, no pet.)
(mem. op.); Yazdchi v. Chesney, No. 14-05-00817, 2007 WL 237697 (Tex.
App.--Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem. op.); Yazdchi v. Tradestar
Investments, Inc., 217 S.W.3d 517 (Tex. App.--Houston [14th Dist.] 2006, pet.
denied); Yazdchi v. Bennett, No. 01-04-01057-CV, 2006 WL 1028373 (Tex.
App.--Houston [1st Dist.] Apr. 20, 2006, no pet.) (mem. op.); Yazdchi v. Geico, 161
Fed. Appx. 438, 2006 WL 151912 (5th Cir. 2006) (not designated for publication);
Yazdchi v. Bank of America, No. 11-05-00060-CV, 2006 WL 60681 (Tex.
App.--Eastland, Jan. 12, 2006) (mem. op.); Yazdchi v. Washington Mutual, No. 14-04-00639-CV, 2005 WL 2276886 (Tex. App.--Houston [14th Dist.] Sept. 20, 2005,
no pet.) (mem. op.); Yazdchi v. Frost Nat'l Bank, No. 14-0500399-CV, 2005 WL
1467320 (Tex. App.--Houston [14th Dist.] June 23, 2005, no pet.) (not designated
for publication); Yazdchi v. Bank One, Texas, 177 S.W.3d 399 (Tex. App.--Houston
[1st Dist.] 2005, pet. denied); Yazdchi v. American Arbitration Assoc., No. 01-04-00149-CV, 2005 WL 375288 (Tex. App.--Houston [1st Dist.] Feb. 17, 2005, no pet.)
(mem. op.).
2. See State of Texas v. Ali Yazdchi, also known as Al Giovanni, Habibollah Yazdchi,
Habibolah Yazdchi, Hosein Y. Mohamad, Mohamed H. Yazdchi, Abbas Yazdchi, A.
Abbasyazdchi, Ahmad Yazdchi, Habibolloah Yazdchi, Ali Yazdi, Habibolah Yazdi,
Amir Ahmad, Yazdchi Habibollah, Yazdchi Ali, Yazdchi Mohamad, Yazdchi
Habibolah, Yazdchi Ahmad, A. Yazdchi Habibolah, A. Yazdchi, A. Yazdchi Abbas, A.
Aliyazdchi, Sidney Sam Hessein, Mike Jones, Al Auto, Al Auto Sales, All's Cars, Ali's
Cars, and Alis Cars, No.1999-57020, in the 61st District Court of Harris County,
Texas.
3. See Yazdchi v. San Antonio Federal Credit Union, 01-07-00189-CV, 2009 WL
417299 (Tex. App.--Houston [1st Dist.] Feb. 19, 2009, no pet.) (mem. op.).
4. Out of the $111,500 awarded to Mina Bouja in the agreed final judgment, $55,000
was for her attorneys' fees. 
5. The record contains only the summary judgment motion of Ted L. Walker.
6. The trial court denied the appellants' motion for new trial on January 24, 2005. 
7. Even if the complaint had been preserved, we would overrule the issue because the
appellants' motion for continuance asked that the case be continued until November
12, 2004 and the trial court did not grant summary judgment until November 19,
2004.