NUMBER 13-08-00370-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MIKE JONES, Appellant,


v.

 

WELLS FARGO BANK, N.A., Appellee.

 
 

On appeal from the 117th District Court

 of Nueces County, Texas.

 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

 Memorandum Opinion by Chief Justice Valdez


 In this appeal, appellant, Mike Jones, complains about the trial court's order
dismissing his case for want of prosecution in favor of appellee, Wells Fargo Bank, N.A.
("Wells Fargo"). Advancing pro se, appellant argues that the trial court erred in dismissing
his case because he did not receive notice of the dismissal hearing conducted by the trial
court. We dismiss for lack of jurisdiction. 

I. Background

 The underlying dispute pertains to approximately $49,900 contained in two checking
accounts and one savings account located at Wells Fargo. Appellant, also allegedly known
as Mohamad Hosein Yazdi, deposited the money in the aforementioned accounts at an
unspecified time. Apparently, in November 1999, the State of Texas filed a consumer
protection suit against appellant's brother, Ali Yazdchi, asserting that Yazdchi engaged in
several illegal financial schemes using numerous aliases, including "Mike Jones," and the
schemes involved some of the money at issue. (1)
 The 61st Judicial District Court in Harris
County concluded that appellant assisted Yazdchi by depositing sums of money and
withdrawing "some of those funds for transfer to Iran and other financial institutions outside
the jurisdiction of [the Harris County District Court]." As a result, the Harris County District
Court entered orders prohibiting Wells Fargo from allowing appellant to transfer, remove,
or withdraw any of the monies in question and appointing the Honorable David West as
temporary receiver of the funds. Wells Fargo complied with the orders entered by the
Harris County District Court.

 Subsequently, on April 14, 2000, the Harris County District Court entered an agreed
final judgment, permanent injunction and appointment of a permanent receiver to freeze
and direct the disposition of the assets. Later, appellant, advancing pro se, filed an original
petition in the 117th Judicial District Court in Nueces County against Wells Fargo, asserting
conversion, breach of fiduciary duty, negligence, and breach of contract causes of action. (2) 
In particular, appellant argued that Wells Fargo wrongfully took the $49,900 from the
various accounts without his consent even though it was merely complying with the orders
entered by the Harris County District Court. Wells Fargo filed an original answer, generally
denying all of the allegations contained in appellant's original petition.

 Shortly thereafter, several motions for summary judgment were filed by both parties,
including a traditional motion for summary judgment filed by Wells Fargo. On July 12,
2004, the Nueces County district court conducted a hearing on the pending motions for
summary judgment. Appellant failed to attend this hearing, and, after hearing arguments
from Wells Fargo, the trial court denied all of appellant's motions for summary judgment
and granted Wells Fargo's traditional motion for summary judgment. In its summary
judgment order signed on July 12, 2004, the trial court ordered that appellant take nothing
from Wells Fargo and noted that the order was "final and appealable, disposing of all
claims and parties." On August 11, 2004, appellant filed a motion for new trial, which was
overruled by operation of law. See Tex. R. Civ. P. 329b(c). Appellant then filed a notice
of appeal.

 In the first appeal pertaining to these accounts, this Court held that Wells Fargo had
lawfully complied with the orders entered by the Harris County District Court by transferring
all accounts associated with "Mike Jones" to the receiver. Jones v. Wells Fargo Bank,
N.A., No. 13-04-609-CV, 2007 Tex. App. LEXIS 3165, at *10 (Tex. App.-Corpus Christi
Apr. 26, 2007, no pet.) (mem. op.). However, we also held that the summary judgment
evidence indicated that two of the accounts had been released by the receiver; thus, we
remanded the case to the trial court to determine only the disposition of the assets in the
two accounts that were released by the receiver. Id. at **10-12.

 Nothing transpired in the case until Wells Fargo filed a second motion for summary
judgment on January 28, 2008. Upon receiving Wells Fargo's second motion for summary
judgment, the Nueces County district court set the case for a docket control conference on
April 8, 2008 at 9:30 a.m. Notice of the docket control conference was mailed to the
parties on March 13, 2008. In particular, notice of the docket control conference was
mailed to appellant at the following address: "Mike Jones[;] 2100 Tanglewilde #662[;]
Houston, Texas 77063." (3) Appellant, however, failed to attend the docket control
conference.

 Then, pursuant to rule 165a of the rules of civil procedure, the Nueces County
district court set the case for a dismissal hearing scheduled for April 23, 2008, at 8:15 a.m. 
See Tex. R. Civ. P. 165a. Notice of the dismissal hearing was mailed to appellant's
Houston address on April 11, 2008. Appellant, once again, failed to appear at the hearing. 
As a result, the trial court dismissed the case for want of prosecution on April 23, 2008. 
In notes attached to the dismissal order, the trial court explained that:

 DROP DOCKET HISTORY: 4/23/08--Plaintiff [appellant] did not appear at
dismissal docket after receiving notice. Plaintiff faxed the Court a letter the
day of the hearing and advised that he had not received notice of the
scheduled DCC, despite the fact that the Court's notice of DCC to [P]laintiff
was not returned to the Court and that the DCC notice was to the same
address that the Notice of Intent to Dismiss for Want of Prosecution was
sent. Plaintiff did not adhere to the requirements of the Notice of Intent to
Dismiss for Want of Prosecution. There has been no prosecution of this
case since the Court of Appeals returned the case to the 117 th District Court
for further prosecution. Attorney for Defendant [Wells Fargo] appeared at
dismissal docket and had no objection to the case being dismissed for Want
of Prosecution. Case was dismissed for Want of Prosecution. 


On June 11, 2008, appellant filed his pro se notice of appeal challenging the trial court's
order dismissing his case for want of prosecution.

II. Jurisdiction

 At the outset, we must analyze Wells Fargo's contention that this Court lacks
jurisdiction over this matter because appellant did not timely file his notice of appeal. The
record reflects that the trial court signed its order dismissing appellant's case for want of
prosecution on April 23, 2008. Appellant did not file his notice of appeal in this matter until
June 11, 2008, more than thirty days after the complained-of judgment was signed. See
Tex. R. App. P. 26.1. Texas Rule of Appellate Procedure 26.1 provides that a notice of
appeal must be filed within thirty days after the judgment is signed unless the time period
is extended to ninety days by the timely filing of a motion for new trial, motion to modify,
motion to reinstate, or request for findings of fact and conclusions of law. See id. at R.
26.1(a). Here, appellant has not filed any motions or requests pertaining to the trial court's
April 23, 2008 dismissal order, which would have extended the time period to file a notice
of appeal. See id. Thus, because pro se litigants are held to the same standards as
licensed attorneys and must comply with applicable laws and rules of procedure, we
conclude that appellant's filing of his notice of appeal was untimely. (4) See Green v.
Kaposta, 152 S.W.3d 839, 841 (Tex. App.-Dallas 2005, no pet.); see also Siddiqui v.
Siddiqui, No. 14-07-00235-CV, 2009 Tex. App. LEXIS 1443, at *4 (Tex. App.-Houston
[14th Dist.] Mar. 3, 2009, pet. denied) (mem. op.) ("While we have compassion for the
plight of the pro se litigant attempting to follow the rule of legal procedure and substantive
laws, and therefore construe pro se pleadings and briefs liberally, we must still hold
appellant to the same standard as a licensed attorney, requiring that he follow those same
rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over
a litigant represented by counsel."). 

 However, assuming, arguendo, that appellant provided the necessary information
for a restricted appeal, as required by Texas Rule of Appellate Procedure 25.1(d)(7), we
cannot say that appellant has presented sufficient evidence to demonstrate entitlement to
relief in this appeal.

 To attack a trial court's judgment by restricted appeal, appellant must show that: 
(1) a notice of appeal was filed within six months of the date the complained-of judgment
was signed; (2) appellant was a party to the suit who did not participate in the hearing that
resulted in the judgment or order; (3) appellant did not timely file a post-judgment motion,
request findings of fact and conclusions of law, or file a notice of appeal within the time
permitted under rule 26.1(a) of the Texas Rules of Appellate Procedure; and (4) the
complained-of error is apparent from the face of the record. Tex. R. App. P. 26.1(c), 30;
see Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Tex. Dep't of Pub.
Safety v. Fredricks, 235 S.W.3d 275, 278 (Tex. App.-Corpus Christi 2007, no pet.). 

 The record reflects that appellant: (1) filed his notice of appeal within six months
of the date the trial court signed the order; (2) did not participate in the hearing from which
the dismissal order resulted; and (3) did not timely file any post-judgment motions or
requests. However, based on our review of the record, we cannot conclude that there is
error on the face of the record. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d
269, 270 (Tex. 1997) (per curiam) (stating that, the face of the record, for purposes of
restricted appeals, consists of all the papers on file in the appeal). 

 The record contains documentation that notice of the April 23, 2008 dismissal
hearing was mailed to appellant's Houston address on April 11, 2008, and a copy of the
dismissal order was later provided to appellant. See Ginn v. Forrester, 282 S.W.3d 430,
433 (Tex. 2009) (per curiam) ("As to what does constitute error on the face of the record,
we have clearly said that silence is not enough. The rules governing dismissals for want
of prosecution direct the district clerk to mail notice containing the date and place of
hearing at which the court intends to dismiss the case . . . and a similar notice of the
signing of the dismissal order . . . . But the rules do not impose upon the clerk an
affirmative duty to record the mailing of the required notices; accordingly, the absence of
proof in the record that notice was provided does not establish error on the face of the
record."). Furthermore, appellant never argues that notice of the dismissal hearing was
sent to the wrong address. Moreover, appellant's notice argument and failure to attend the
dismissal hearing appears to be undermined by the fact that appellant faxed a letter to the
trial court on the same day as the hearing claiming not to have received notice of the
hearing. 

 Despite evidence in the record indicating that he received notice of the dismissal
hearing, appellant, for the first time on appeal, provided an affidavit averring that he did not
receive notice of the dismissal hearing. Such extrinsic evidence, first presented to an
appellate court, cannot be used to support a restricted appeal. See Gen. Elec. Co. v.
Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943-44 (Tex. 1991) (stating that,
when extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is
by motion for new trial or by bill of review filed in the trial court so that the trial court has the
opportunity to consider and weigh factual evidence and that such evidence cannot support
a restricted appeal); see also Ginn, 282 S.W.3d at 432-33. Besides this affidavit, appellant
does not direct us to any other portion of the record demonstrating error. Therefore, based
on the foregoing, we cannot say that appellant has satisfied the elements for restricted
appeal. See Tex. R. App. P. 26.1(c), 30; see also Alexander, 134 S.W.3d at 848;
Fredricks, 235 S.W.3d at 278. 

III. Conclusion

 Accordingly, we are without jurisdiction to consider this appeal; thus, we dismiss this
cause for lack of jurisdiction. 

 ROGELIO VALDEZ

 Chief Justice

 


Delivered and filed the 

15th day of July, 2010. 
1. As noted in an earlier opinion by this Court, the style of the State of Texas's November 1999
consumer protection suit was as follows:


 State of Texas v. Ali Yazdchi, also known as Al Giovanni, Habibollah Yazdchi, Habibolah
Yazdchi, Hosein Y. Mohamad, Mohamed H. Yazdchi, Abbas Yazdchi, A. Abbasyazdchi,
Ahmad Yazdchi, Habibolloah Yazdchi, Ali Yazdi Habibolah Yazdi, Amir Ahmad, Yazdchi
Habibollah, Yazdchi Ali, Yazdchi Mohamad, Yazdchi Habibolah, Yazdchi Ahmad, A. Yazdchi
Habibolah, A. Yazdchi, A. Yazdchi Abbas, A. Aliyazdchi, Sidney Sam Hessein, Mike Jones,
Al Auto, Al Auto Sales, All's Cars, Ali's Cars, and Alis Cars, No. 1999-57020, pending in the
61 st Judicial District Court of Harris County, Texas. 


Jones v. Wells Fargo Bank, N.A., No. 13-04-609-CV, 2007 Tex. App. LEXIS 3165, at *1 n.1 (Tex.
App.-Corpus Christi Apr. 26, 2007, no pet.) (mem. op.). Moreover, as pointed out by the First Court of
Appeals, appellant and his brother have been involved in numerous appeals involving the same set of facts
as alleged in the November 1999 lawsuit, which also give rise to this appeal. See Yazdchi v. Walker, No. 01-05-00177-CV, 2009 Tex. App. LEXIS 3166, at **2-4 n.1 (Tex. App.-Houston [1st Dist.] May 7, 2009, pet.
denied) (mem. op.) (citing Yazdchi v. Nexcess Motorcars, No. 01-07-00185-CV, 2007 Tex. App. LEXIS 5043,
(Tex. App.-Houston [1st Dist.] June 28, 2007, no pet.) (mem. op.); Yazdchi v. Allstate Ins. Co., No.
01-05-00327-CV, 2007 Tex. App. LEXIS 3005 (Tex. App.-Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem.
op.); Yazdchi v. Am. Honda Fin. Corp., 217 Fed. Appx. 299 (5th Cir. 2007); Yazdchi v. Chesney, No.
14-05-00817, 2007 Tex. App. LEXIS 615 (Tex. App.-Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem. op.);
Auto v. Travelers Ins. Co., No. 01-05-00327-CV, 2006 Tex. App. LEXIS 8828 (Tex. App.-Houston [1st Dist.]
Oct. 12, 2006, no pet.) (mem.op.); Yazdchi v. S. County Mut. Ins. Co., No. 11-06-00166-CV, 2006 Tex. App.
LEXIS 6820 (Tex. App.-Eastland Aug. 3, 2006, no pet.) (mem. op.); Yazdchi v. Tradestar Invs., Inc., 217
S.W.3d 517 (Tex. App.-Houston [14th Dist.] 2006, pet. denied); Yazdchi v. Bennett, No. 01-04-01057-CV,
2006 Tex. App. LEXIS 3122 (Tex. App.-Houston [1st Dist.] Apr. 20, 2006, no pet.) (mem. op.); Yazdchi v.
Geico, 161 Fed. Appx. 438 (5th Cir. 2006) (not designated for publication); Yazdchi v. Bank of Am., No.
11-05-00060-CV, 2006 Tex. App. LEXIS 234 (Tex. App.-Eastland, Jan. 12, 2006) (mem. op.); Yazdchi v. Am.
Nat'l Prop. and Cas. Co., No. 01-05-00750-CV, 2005 Tex. App. LEXIS 10470 (Tex. App.-Houston [1st Dist.]
Dec. 15, 2005, no pet.) (mem. op.); Yazdchi v. Citicorp Credit Serv., Inc., No. 01-05-00740-CV, 2005 Tex.
App. LEXIS 9086 (Tex. App.-Houston [1st Dist.] Nov. 3, 2005, no pet.) (mem. op.); Yazdchi v. Wash. Mut.,
No. 14-04-00639-CV, 2005 Tex. App. LEXIS 7702 (Tex. App.-Houston [14th Dist.] Sept. 20, 2005, no pet.)
(mem. op.); Yazdchi v. State, No. 14-04-00500-CV, 2005 Tex. App. LEXIS 7406 (Tex. App.-Houston [14th
Dist.] Sept. 8, 2005, no pet.) (mem. op.); Yazdchi v. Frost Nat'l Bank, No. 14-0500399-CV, 2005 Tex. App.
LEXIS 4782 (Tex. App.-Houston [14th Dist.] June 23, 2005, no pet.) (not designated for publication); Yazdchi
v. Bank One, Texas, 177 S.W.3d 399 (Tex. App.-Houston [1st Dist.] 2005, pet. denied); Yazdchi v. Am. Arb.
Ass'n, No. 01-04-00149-CV, 2005 Tex. App. LEXIS 1320 (Tex. App.-Houston [1st Dist.] Feb. 17, 2005, no
pet.) (mem. op.); Yazdchi v. Bennett Law Firm, P.C., No. 14-01-00928-CV, 2002 Tex. App. LEXIS 3973 (Tex.
App.-Houston [14th Dist.] May 30, 2002, no pet.) (not designated for publication); Bouja v. State, No.
14-00-00072-CV, 2000 Tex. App. LEXIS 3394 (Tex. App.-Houston [14th Dist.] May 25, 2000, no pet.) (not
designated for publication); Yazdchi v. City of Houston, No. 14-98-01296-CV, 1999 Tex. App. LEXIS 2885
(Tex. App.-Houston [14th Dist.] Apr. 15, 1999, no pet.) (not designated for publication)). 

2. Apparently, the accounts at issue in this case were opened in various banks in Corpus Christi,
Texas.
3. Appellant confirms in an affidavit filed with his appellate brief that his mailing address is: "2100
Tanglewilde 662 Houston, Ttx [sic] 77063."
4. In his notice of appeal, appellant fails to note that the appeal in this matter is restricted, which would
have extended the time period for filing his notice of appeal to six months after the judgment was signed. See
Tex. R. App. P. 25.1(d)(7), 26.1(c), 30. Appellant's notice of appeal is entitled, "NOTICE OF APPEAL," and
merely states the following: "Notice is hereby given that MIKE JONES, Plaintiff in case style above, hereby
appeals DISMISSAL FOR WANT OF PROSECUTION[] to 13TH Court of Appeals." Texas Rule of Appellate
Procedure 25.1(d)(7) requires that, in a restricted appeal, appellant must: (1) state that he "is a party affected
by the trial court's judgment but did not participate--either in person or through counsel--in the hearing that
resulted in the judgment complained of"; (2) state that he "did not timely file either a postjudgment motion,
request for findings of fact and conclusions of law, or notice of appeal"; and (3) file an affidavit swearing that
the contents contained in the notice of appeal are true if appellant does not have counsel. Here, appellant
has not satisfied any of the elements outlined in rule 25.1(d)(7)(A)-(B) of the rules of appellate procedure. See
id. at R. 25.1(d)(7).