

NUMBER 13-08-00370-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MIKE JONES,                                                          Appellant,

v.

WELLS FARGO BANK, N.A.,                                          Appellee.

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

In this appeal, appellant, Mike Jones, complains about the trial court's order

dismissing his case for want of prosecution in favor of appellee, Wells Fargo Bank, N.A.

("Wells Fargo"). Advancing pro se, appellant argues that the trial court erred in dismissing

his case because he did not receive notice of the dismissal hearing conducted by the trial

court. We dismiss for lack of jurisdiction.

## I. Background

The underlying dispute pertains to approximately $49,900 contained in two checking accounts and one savings account located at Wells Fargo. Appellant, also allegedly known as Mohamad Hosein Yazdi, deposited the money in the aforementioned accounts at an unspecified time. Apparently, in November 1999, the State of Texas filed a consumer protection suit against appellant's brother, Ali Yazdchi, asserting that Yazdchi engaged in several illegal financial schemes using numerous aliases, including "Mike Jones," and the schemes involved some of the money at issue.[1] The 61st Judicial District Court in Harris

---

[1] As noted in an earlier opinion by this Court, the style of the State of Texas's November 1999 consumer protection suit was as follows:

> *State of Texas v. Ali Yazdchi, also known as Al Giovanni, Habibollah Yazdchi, Habibolah Yazdchi, Hosein Y. Mohamad, Mohamed H. Yazdchi, Abbas Yazdchi, A. Abbasyazdchi, Ahmad Yazdchi, Habibolloah Yazdchi, Ali Yazdi Habibolah Yazdi, Amir Ahmad, Yazdchi Habibollah, Yazdchi Ali, Yazdchi Mohamad, Yazdchi Habibolah, Yazdchi Ahmad, A. Yazdchi Habibolah, A. Yazdchi, A. Yazdchi Abbas, A. Aliyazdchi, Sidney Sam Hessein, Mike Jones, Al Auto, Al Auto Sales, All's Cars, Ali's Cars, and Alis Cars*, No. 1999-57020, pending in the 61 st Judicial District Court of Harris County, Texas.

*Jones v. Wells Fargo Bank, N.A.*, No. 13-04-609-CV, 2007 Tex. App. LEXIS 3165, at *1 n.1 (Tex. App.–Corpus Christi Apr. 26, 2007, no pet.) (mem. op.). Moreover, as pointed out by the First Court of Appeals, appellant and his brother have been involved in numerous appeals involving the same set of facts as alleged in the November 1999 lawsuit, which also give rise to this appeal. *See Yazdchi v. Walker*, No. 01-05-00177-CV, 2009 Tex. App. LEXIS 3166, at **2-4 n.1 (Tex. App.–Houston [1st Dist.] May 7, 2009, pet. denied) (mem. op.) (citing *Yazdchi v. Nexcess Motorcars*, No. 01-07-00185-CV, 2007 Tex. App. LEXIS 5043, (Tex. App.–Houston [1st Dist.] June 28, 2007, no pet.) (mem. op.); *Yazdchi v. Allstate Ins. Co.*, No. 01-05-00327-CV, 2007 Tex. App. LEXIS 3005 (Tex. App.–Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op.); *Yazdchi v. Am. Honda Fin. Corp.*, 217 Fed. Appx. 299 (5th Cir. 2007); *Yazdchi v. Chesney*, No. 14-05-00817, 2007 Tex. App. LEXIS 615 (Tex. App.–Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem. op.); *Auto v. Travelers Ins. Co.*, No. 01-05-00327-CV, 2006 Tex. App. LEXIS 8828 (Tex. App.–Houston [1st Dist.] Oct. 12, 2006, no pet.) (mem. op.); *Yazdchi v. S. County Mut. Ins. Co.*, No. 11-06-00166-CV, 2006 Tex. App. LEXIS 6820 (Tex. App.–Eastland Aug. 3, 2006, no pet.) (mem. op.); *Yazdchi v. Tradestar Invs., Inc.*, 217 S.W.3d 517 (Tex. App.–Houston [14th Dist.] 2006, pet. denied); *Yazdchi v. Bennett*, No. 01-04-01057-CV, 2006 Tex. App. LEXIS 3122 (Tex. App.–Houston [1st Dist.] Apr. 20, 2006, no pet.) (mem. op.); *Yazdchi v. Geico*, 161 Fed. Appx. 438 (5th Cir. 2006) (not designated for publication); *Yazdchi v. Bank of Am.*, No. 11-05-00060-CV, 2006 Tex. App. LEXIS 234 (Tex. App.–Eastland, Jan. 12, 2006) (mem. op.); *Yazdchi v. Am. Nat'l Prop. and Cas. Co.*, No. 01-05-00750-CV, 2005 Tex. App. LEXIS 10470 (Tex. App.–Houston [1st Dist.] Dec. 15, 2005, no pet.) (mem. op.); *Yazdchi v. Citicorp Credit Serv., Inc.*, No. 01-05-00740-CV, 2005 Tex. App. LEXIS 9086 (Tex. App.–Houston [1st Dist.] Nov. 3, 2005, no pet.) (mem. op.); *Yazdchi v. Wash. Mut.*, No. 14-04-00639-CV, 2005 Tex. App. LEXIS 7702 (Tex. App.–Houston [14th Dist.] Sept. 20, 2005, no pet.) (mem. op.); *Yazdchi v. State*, No. 14-04-00500-CV, 2005 Tex. App. LEXIS 7406 (Tex. App.–Houston [14th Dist.] Sept. 8, 2005, no pet.) (mem. op.); *Yazdchi v. Frost Nat'l Bank*, No. 14-0500399-CV, 2005 Tex. App.

County concluded that appellant assisted Yazdchi by depositing sums of money and withdrawing "some of those funds for transfer to Iran and other financial institutions outside the jurisdiction of [the Harris County District Court]." As a result, the Harris County District Court entered orders prohibiting Wells Fargo from allowing appellant to transfer, remove, or withdraw any of the monies in question and appointing the Honorable David West as temporary receiver of the funds. Wells Fargo complied with the orders entered by the Harris County District Court.

Subsequently, on April 14, 2000, the Harris County District Court entered an agreed final judgment, permanent injunction and appointment of a permanent receiver to freeze and direct the disposition of the assets. Later, appellant, advancing pro se, filed an original petition in the 117th Judicial District Court in Nueces County against Wells Fargo, asserting conversion, breach of fiduciary duty, negligence, and breach of contract causes of action.[2] In particular, appellant argued that Wells Fargo wrongfully took the $49,900 from the various accounts without his consent even though it was merely complying with the orders entered by the Harris County District Court. Wells Fargo filed an original answer, generally denying all of the allegations contained in appellant's original petition.

Shortly thereafter, several motions for summary judgment were filed by both parties, including a traditional motion for summary judgment filed by Wells Fargo. On July 12,

LEXIS 4782 (Tex. App.–Houston [14th Dist.] June 23, 2005, no pet.) (not designated for publication); *Yazdchi v. Bank One, Texas*, 177 S.W.3d 399 (Tex. App.–Houston [1st Dist.] 2005, pet. denied); *Yazdchi v. Am. Arb. Ass'n*, No. 01-04-00149-CV, 2005 Tex. App. LEXIS 1320 (Tex. App.–Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.); *Yazdchi v. Bennett Law Firm, P.C.*, No. 14-01-00928-CV, 2002 Tex. App. LEXIS 3973 (Tex. App.–Houston [14th Dist.] May 30, 2002, no pet.) (not designated for publication); *Bouja v. State*, No. 14-00-00072-CV, 2000 Tex. App. LEXIS 3394 (Tex. App.–Houston [14th Dist.] May 25, 2000, no pet.) (not designated for publication); *Yazdchi v. City of Houston*, No. 14-98-01296-CV, 1999 Tex. App. LEXIS 2885 (Tex. App.–Houston [14th Dist.] Apr. 15, 1999, no pet.) (not designated for publication)).

[2] Apparently, the accounts at issue in this case were opened in various banks in Corpus Christi, Texas.

2004, the Nueces County district court conducted a hearing on the pending motions for summary judgment. Appellant failed to attend this hearing, and, after hearing arguments from Wells Fargo, the trial court denied all of appellant's motions for summary judgment and granted Wells Fargo's traditional motion for summary judgment. In its summary judgment order signed on July 12, 2004, the trial court ordered that appellant take nothing from Wells Fargo and noted that the order was "final and appealable, disposing of all claims and parties." On August 11, 2004, appellant filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Appellant then filed a notice of appeal.

In the first appeal pertaining to these accounts, this Court held that Wells Fargo had lawfully complied with the orders entered by the Harris County District Court by transferring all accounts associated with "Mike Jones" to the receiver. *Jones v. Wells Fargo Bank, N.A.*, No. 13-04-609-CV, 2007 Tex. App. LEXIS 3165, at *10 (Tex. App.–Corpus Christi Apr. 26, 2007, no pet.) (mem. op.). However, we also held that the summary judgment evidence indicated that two of the accounts had been released by the receiver; thus, we remanded the case to the trial court to determine only the disposition of the assets in the two accounts that were released by the receiver. *Id.* at **10-12.

Nothing transpired in the case until Wells Fargo filed a second motion for summary judgment on January 28, 2008. Upon receiving Wells Fargo's second motion for summary judgment, the Nueces County district court set the case for a docket control conference on April 8, 2008 at 9:30 a.m. Notice of the docket control conference was mailed to the parties on March 13, 2008. In particular, notice of the docket control conference was mailed to appellant at the following address: "Mike Jones[;] 2100 Tanglewilde #662[;]

4

Houston, Texas 77063."[3]    Appellant, however, failed to attend the docket control conference.

Then, pursuant to rule 165a of the rules of civil procedure, the Nueces County district court set the case for a dismissal hearing scheduled for April 23, 2008, at 8:15 a.m. *See* TEX. R. CIV. P. 165a.   Notice of the dismissal hearing was mailed to appellant's Houston address on April 11, 2008.  Appellant, once again, failed to appear at the hearing. As a result, the trial court dismissed the case for want of prosecution on April 23, 2008. In notes attached to the dismissal order, the trial court explained that:

> DROP DOCKET HISTORY: 4/23/08—Plaintiff [appellant] did not appear at dismissal docket after receiving notice.  Plaintiff faxed the Court a letter the day of the hearing and advised that he had not received notice of the scheduled DCC, despite the fact that the Court's notice of DCC to [P]laintiff was not returned to the Court and that the DCC notice was to the same address that the Notice of Intent to Dismiss for Want of Prosecution was sent.  Plaintiff did not adhere to the requirements of the Notice of Intent to Dismiss for Want of Prosecution.  There has been no prosecution of this case since the Court of Appeals returned the case to the 117 th District Court for further prosecution.  Attorney for Defendant [Wells Fargo] appeared at dismissal docket and had no objection to the case being dismissed for Want of Prosecution.  Case was dismissed for Want of Prosecution.

On June 11, 2008, appellant filed his pro se notice of appeal challenging the trial court's order dismissing his case for want of prosecution.

## II. JURISDICTION

At the outset, we must analyze Wells Fargo's contention that this Court lacks jurisdiction over this matter because appellant did not timely file his notice of appeal.  The record reflects that the trial court signed its order dismissing appellant's case for want of prosecution on April 23, 2008.  Appellant did not file his notice of appeal in this matter until June 11, 2008, more than thirty days after the complained-of judgment was signed.  *See*

---

[3] Appellant confirms in an affidavit filed with his appellate brief that his mailing address is:  "2100 Tanglewilde 662 Houston, Ttx [sic] 77063."

TEX. R. APP. P. 26.1. Texas Rule of Appellate Procedure 26.1 provides that a notice of appeal must be filed within thirty days after the judgment is signed unless the time period is extended to ninety days by the timely filing of a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law. *See id.* at R. 26.1(a). Here, appellant has not filed any motions or requests pertaining to the trial court's April 23, 2008 dismissal order, which would have extended the time period to file a notice of appeal. *See id.* Thus, because pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure, we conclude that appellant's filing of his notice of appeal was untimely.[4] *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.); *see also Siddiqui v. Siddiqui*, No. 14-07-00235-CV, 2009 Tex. App. LEXIS 1443, at *4 (Tex. App.–Houston [14th Dist.] Mar. 3, 2009, pet. denied) (mem. op.) ("While we have compassion for the plight of the pro se litigant attempting to follow the rule of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel.").

However, assuming, arguendo, that appellant provided the necessary information

---

[4] In his notice of appeal, appellant fails to note that the appeal in this matter is restricted, which would have extended the time period for filing his notice of appeal to six months after the judgment was signed. *See* TEX. R. APP. P. 25.1(d)(7), 26.1(c), 30. Appellant's notice of appeal is entitled, "NOTICE OF APPEAL," and merely states the following: "Notice is hereby given that MIKE JONES, Plaintiff in case style above, hereby appeals DISMISSAL FOR WANT OF PROSECUTION[] to 13TH Court of Appeals." Texas Rule of Appellate Procedure 25.1(d)(7) requires that, in a restricted appeal, appellant must: (1) state that he "is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of"; (2) state that he "did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal"; and (3) file an affidavit swearing that the contents contained in the notice of appeal are true if appellant does not have counsel. Here, appellant has not satisfied any of the elements outlined in rule 25.1(d)(7)(A)-(B) of the rules of appellate procedure. *See id.* at R. 25.1(d)(7).

for a restricted appeal, as required by Texas Rule of Appellate Procedure 25.1(d)(7), we cannot say that appellant has presented sufficient evidence to demonstrate entitlement to relief in this appeal.

To attack a trial court's judgment by restricted appeal, appellant must show that: (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) appellant was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a) of the Texas Rules of Appellate Procedure; and (4) the complained-of error is apparent from the face of the record. TEX. R. APP. P. 26.1(c), 30; *see Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

The record reflects that appellant: (1) filed his notice of appeal within six months of the date the trial court signed the order; (2) did not participate in the hearing from which the dismissal order resulted; and (3) did not timely file any post-judgment motions or requests. However, based on our review of the record, we cannot conclude that there is error on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (stating that, the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal).

The record contains documentation that notice of the April 23, 2008 dismissal hearing was mailed to appellant's Houston address on April 11, 2008, and a copy of the dismissal order was later provided to appellant. *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam) ("As to what does constitute error on the face of the record,

we have clearly said that silence is not enough. The rules governing dismissals for want of prosecution direct the district clerk to mail notice containing the date and place of hearing at which the court intends to dismiss the case . . . and a similar notice of the signing of the dismissal order . . . . But the rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices; accordingly, the absence of proof in the record that notice was provided does not establish error on the face of the record."). Furthermore, appellant never argues that notice of the dismissal hearing was sent to the wrong address. Moreover, appellant's notice argument and failure to attend the dismissal hearing appears to be undermined by the fact that appellant faxed a letter to the trial court on the same day as the hearing claiming not to have received notice of the hearing.

Despite evidence in the record indicating that he received notice of the dismissal hearing, appellant, for the first time on appeal, provided an affidavit averring that he did not receive notice of the dismissal hearing. Such extrinsic evidence, first presented to an appellate court, cannot be used to support a restricted appeal. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943-44 (Tex. 1991) (stating that, when extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence and that such evidence cannot support a restricted appeal); *see also Ginn*, 282 S.W.3d at 432-33. Besides this affidavit, appellant does not direct us to any other portion of the record demonstrating error. Therefore, based on the foregoing, we cannot say that appellant has satisfied the elements for restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30; *see also Alexander*, 134 S.W.3d at 848;

8

*Fredricks*, 235 S.W.3d at 278.

### III. Conclusion

Accordingly, we are without jurisdiction to consider this appeal; thus, we dismiss this cause for lack of jurisdiction._____

_____

_____

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
15th day of July, 2010.